225 P.3d 1187 (2010)
In the Matter of D.E.R.
No. 101,877.
Supreme Court of Kansas.
March 19, 2010.
*1189 Joe Shepack, county attorney, argued the cause, and Steve Six, attorney general, was with him on the brief for appellant.
No appearance for appellee.
The opinion of the court was delivered by JOHNSON, J.:
The State of Kansas appeals upon a question reserved in a proceeding under the Revised Kansas Juvenile Justice Code (Juvenile Code), K.S.A.2009 Supp. 38-2301 et seq. In the district court, the State stated its question as follows: "Does a juvenile respondent charged with a felony have the right to a preliminary hearing under Article 23 of K.S.A. Chapter 38 as of ... January 15, 2009, in light of ... recent appellate decisions?" To the extent the State questions whether the statutory procedure for a preliminary examination under the adult criminal code, K.S.A. 22-2902, applies to a proceeding under the Juvenile Code, we find that it does not. To the extent the State questions whether the Fourth Amendment right to have a judicial determination of probable cause as a prerequisite to an extended restraint of liberty applies to a juvenile, we find that it does.

FACTUAL AND PROCEDURAL OVERVIEW
D.E.R. was arrested and charged as a juvenile with three drug offenses, one of which was possession of marijuana in excess of 28 grams without a tax stamp, an offense which would have been a felony if committed by an adult. At his first appearance on January 15, 2009, D.E.R. requested a preliminary hearing on the "felony charge," arguing that this court's holding in In re L.M., 286 Kan. 460, 186 P.3d 164 (2008), entitled him to such a hearing.
The district court granted the request and set the case for a preliminary hearing. While the State agreed to participate in the preliminary hearing without objection, it formally requested on the record that the question stated above be reserved for appeal. However, shortly after the first appearance, the State filed a motion seeking to prosecute D.E.R. as an adult or, in the alternative, asking the court to impose an extended juvenile jurisdiction sentence if D.E.R. was convicted. Thereafter, D.E.R. entered into a plea agreement and, under its terms, pled nolo contendere to misdemeanor possession of marijuana and stipulated to the extended juvenile jurisdiction sentence in exchange for *1190 dropping the "felony charge." At the hearing on the State's motion, the court denied the jurisdictional waiver to adult court but accepted the terms of the plea agreement and imposed an extended juvenile jurisdiction sentence.
The State then filed this timely appeal of the question reserved. Appellee did not file an appellate brief in response. We transferred the appeal to this court on our own motion pursuant to K.S.A. 20-3018(c).

APPELLATE JURISDICTION/STANDARD OF REVIEW
As noted, the appellee did not file a brief and, accordingly, has not challenged our jurisdiction to entertain the State's question. Nevertheless, we have a duty to question jurisdiction on our own initiative. See State v. Wendler, 280 Kan. 753, Syl. ¶ 1, 126 P.3d 1124 (2006). Apparently recognizing that duty, the State preemptively points to K.S.A. 22-3602(b)(3), which states that appeals "may be taken by the prosecution from cases before a district judge as a matter of right ... upon a question reserved by the prosecution."
The State acknowledges, however, that appellate courts have chosen not to entertain a question reserved which will not provide helpful precedent, such as where the answer depends upon the specific facts of the case and the State's motive is merely to demonstrate to a particular judge that he or she made an erroneous ruling. See State v. Skolaut, 286 Kan. 219, 225, 182 P.3d 1231 (2008); State v. Leonard, 248 Kan. 427, 433, 807 P.2d 81 (1991). However, we do consider questions where "the issues are `"matters of statewide interest important to the correct and uniform administration of the criminal law and the interpretation of statutes."'" In re C.P.W., 289 Kan. 448, 451, 213 P.3d 413 (2009). The State contends that its reserved question fits within those parameters for review because district courts are not in agreement as to a juvenile's entitlement to a preliminary hearing. We agree. Resolution of the question before us will provide helpful precedent for the district courts and will promote uniform administration of the law.
To be consistent with our stated criteria for accepting a question reserved by the prosecution, the issue involved must necessarily present a question of law. Accordingly, our standard of review is unlimited. See Skolaut, 286 Kan. at 225, 182 P.3d 1231.

STATUTORY REQUIREMENTS
Although the State does not explicitly cite to K.S.A. 22-2902, it is clear that the "preliminary hearing" which D.E.R. requested and which the trial court ordered to be conducted was intended to be the preliminary examination described in that statute. Article 29 of Chapter 22, entitled "Procedure After Arrest," is part of the Kansas Code of Criminal Procedure, K.S.A. 22-2101 et seq., which governs the proceedings in "all criminal cases" in this state. K.S.A. 22-2102. In other words, the statutory provision for a preliminary examination appears in the adult criminal code.
K.S.A. 22-2902(1) mandates that "[t]he state and every person charged with a felony shall have a right to a preliminary examination before a magistrate, unless such charge has been issued as a result of an indictment by a grand jury." (Emphasis added.) The examination is to be held within 10 days of the defendant's arrest, unless continued for good cause. K.S.A. 22-2902(2). Unless the witnesses or the victim are children less than 13 years of age, the defendant is to be personally present; the witnesses are to be examined in the defendant's presence, and the defendant is to be afforded the right to cross-examine witnesses against the defendant and to introduce evidence in the defendant's own behalf. K.S.A. 22-2902(3). To bind over the defendant for further proceedings, the magistrate must find that the evidence establishes probable cause to believe that a felony has been committed by the defendant; otherwise, the defendant is to be discharged. K.S.A. 22-2902(3). Arraignment is not conducted, i.e., the defendant is not required to enter a plea, until after the conclusion of the preliminary examination. See K.S.A. 22-3206(1); K.S.A. 22-2902(7).
In addressing the statutory requirements, the State focuses on the Juvenile Code, pointing out that it contains no specific provision *1191 for a preliminary hearing, except perhaps where the juvenile is subjected to an adult prosecution or an extended jurisdiction juvenile prosecution under K.S.A.2009 Supp. 38-2347. Here, the question of D.E.R.'s entitlement to a preliminary hearing arose prior to the State's attempt to invoke the adult prosecution or extended jurisdiction juvenile prosecution provisions of K.S.A.2009 Supp. 38-2347. Accordingly, our analysis will address the procedure required in juvenile proceedings where the extraordinary provisions of K.S.A.2009 Supp. 38-2347 do not apply.
The State's observation is accurate; the Juvenile Code does not provide for a judicial probable cause determination between the time of arrest or charging and the time for arraignment. K.S.A.2009 Supp. 38-2336 describes the procedures to be followed after a juvenile complaint has been filed, with the method of serving the complaint and advising of the time and place for the juvenile to appear and answer the offenses charged being dependent upon whether the juvenile is detained at the time. In either event, however, the "first appearance" is described in K.S.A.2009 Supp. 38-2344, which makes no mention of a judicial probable cause determination. To the contrary, if the juvenile appears with an attorney, "the court shall require the juvenile to plead guilty, nolo contendere or not guilty to the allegations stated in the complaint." K.S.A.2009 Supp. 38-2344(b). Likewise, even if a juvenile has been afforded a detention hearing as a prerequisite to a pre-adjudication juvenile detention facility placement, K.S.A.2009 Supp. 38-2343 does not require a judicial probable cause finding. The only requirement at such a detention hearing is a finding that either the juvenile is dangerous to self or others or the juvenile is not likely to appear for further proceedings. K.S.A.2009 Supp. 38-2343(e). In short, the Juvenile Code does not specifically require a judicial probable cause determination, prior to arraignment, and certainly does not provide for the adversarial preliminary examination described in K.S.A. 22-2902.
Apparently because it focused entirely on the Juvenile Code, the State did not consider whether the legislature's broad declaration in K.S.A. 22-2902(1), that "every person charged with a felony shall have a right to a preliminary examination before a magistrate," was intended to encompass juvenile proceedings. Certainly, a juvenile would fit within the purview of "every person." However, the language utilized in the Juvenile Code suggests that a juvenile is not actually "charged with a felony." Rather, the juvenile is charged with having committed an offense "which if committed by an adult would constitute the commission of a felony." K.S.A.2009 Supp. 38-2302(n) (defining "juvenile offender"). Moreover, K.S.A.2009 Supp. 38-2304(a) clearly provides that proceedings concerning a juvenile are to be governed by the provisions of the Juvenile Code, not the Code of Criminal Procedure, except where specifically applied by K.S.A.2009 Supp. 38-2347 to adult prosecutions and extended jurisdiction juvenile prosecutions. Accordingly, we agree with the State that there was no statutory basis for ordering a preliminary examination in D.E.R.'s juvenile proceeding, at the time that it was ordered.

CONSTITUTIONAL REQUIREMENTS
The recent confusion as to whether the preliminary examination statutorily mandated by the adult criminal code must also be conducted in proceedings under the Juvenile Code is a consequence of this court's decision in In re L.M. The actual holding in In re L.M. was that a juvenile has a right to a jury trial under the Sixth and Fourteenth Amendments to the United States Constitution and under § 10 of the Kansas Constitution Bill of Rights, notwithstanding statutory provisions in the Juvenile Code to the contrary, i.e., K.S.A.2006 Supp. 38-2344(d) and K.S.A.2006 Supp. 38-2357, which were declared unconstitutional. To reach this result, In re L.M. overruled this court's prior decision in Findlay v. State, 235 Kan. 462, 681 P.2d 20 (1984), which had relied in part on McKeiver v. Pennsylvania, 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971). Findlay had held that neither the Sixth Amendment nor the Kansas Constitution required a jury trial in juvenile proceedings because juvenile adjudications were not criminal prosecutions. 286 Kan. at 462, 186 P.3d 164. In re L.M. essentially determined that the Findlay and McKeiver *1192 rationales for denying juveniles a constitutional jury trial right were outdated and obsolete, given that the current Juvenile Code in Kansas "has become more akin to an adult criminal prosecution." 286 Kan. 460, Syl. ¶ 1, 186 P.3d 164.
Apparently, some have interpreted In re L.M. to mean that, because a juvenile proceeding is akin to a criminal prosecution for purposes of the right to a jury trial, juvenile proceedings must also utilize all of the same statutory procedures as a criminal prosecution. Such an interpretation reads too much into In re L.M. That decision was founded upon a juvenile's entitlement to a constitutional right. At most, In re L.M.'s equating of juvenile proceedings and criminal prosecutions would support the proposition that juveniles are entitled to all of the constitutional rights which adult criminal defendants possess, not that juvenile proceedings must look exactly the same as a criminal prosecution. Accordingly, we start by considering what, if any, constitutional right to a preliminary examination that an adult criminal defendant might possess.
First, one should keep in mind that a preliminary hearing is not a component of the Sixth Amendment right to a jury trial which was in play in In re L.M., and that amendment is simply not implicated here. Rather, our preliminary examination is a component of the standards and procedures for arrest and detention which "have been derived from the Fourth Amendment and its common-law antecedents." Gerstein v. Pugh, 420 U.S. 103, 111, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). Gerstein informed us that "the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest." 420 U.S. at 114, 95 S.Ct. 854.
This court has explained that, in our state, "[t]he purpose of a preliminary examination is to afford the person arrested, as the result of a complaint, an opportunity to challenge the existence of probable cause for further detaining him or her or requiring bail." State v. Knighten, 260 Kan. 47, 55, 917 P.2d 1324 (1996); see also State v. Boone, 218 Kan. 482, 484, 543 P.2d 945 (1975) (purpose is to determine whether a crime has been committed and whether there is probable cause to believe that the accused committed it). In other words, a preliminary examination is the method utilized in this state to satisfy the Fourth Amendment right of a person to be free from an extended pretrial restraint of liberty, unless a judge has determined that probable cause exists to support the detention or liberty restriction.
However, Gerstein stopped short of requiring that the pretrial custody probable cause determination "must be accompanied by the full panoply of adversary safeguardscounsel, confrontation, cross-examination, and compulsory process for witnesses." 420 U.S. at 119, 95 S.Ct. 854. Instead, the Court held that an informal procedure could be justified. 420 U.S. at 121, 95 S.Ct. 854. On the other hand, the Court recognized that, in some states, a preliminary hearing may serve a purpose beyond determining probable cause for pretrial custody, such as where "[a] finding of no probable cause could mean that [the defendant] would not be tried at all." 420 U.S. at 123, 95 S.Ct. 854. Accordingly, the Court left it to the states to shape a procedure that was in "accord with a State's pretrial procedure viewed as a whole," with the only requirement being that the State "must provide a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty, and this determination must be made by a judicial officer either before or promptly after arrest." 420 U.S. at 123, 125, 95 S.Ct. 854.
In that vein, this court has repeatedly declared that an adult's right to a preliminary hearing is simply a statutory right; a right neither mandated by general constitutional privileges nor implicating due process concerns. See Knighten, 260 Kan. at 55, 917 P.2d 1324; State v. Smith, 225 Kan. 796, 798, 594 P.2d 218 (1979); Boone, 218 Kan. at 484, 543 P.2d 945; see also State v. Leshay, 289 Kan. 546, 553, 213 P.3d 1071 (2009) ("the federal Constitution does not require a state to establish a procedure for the preliminary examination of probable cause that affords the defendant the full panoply of constitutional rights which are applicable at a criminal *1193 defendant's trial"). Obviously, if the K.S.A. 22-2902 preliminary examination is not constitutionally required for an adult, it cannot be constitutionally required for a juvenile. Moreover, there is nothing in the In re L.M. opinion which purports to create such a constitutional right where none existed before.
Without the need to accommodate constitutional concerns, this court is without the authority to declare that a juvenile is entitled to a K.S.A. 22-2902 preliminary examination, when neither that statute nor the Juvenile Code provides for such a procedure. It would be the legislature's place to create a mechanism for juvenile preliminary examinations. Accordingly, we find that the district court erred in holding that D.E.R. was entitled to a K.S.A. 22-2902 preliminary examination, and our answer to the question reserved, as it relates to that ruling, is no.
What gives us pause is a portion of the State's argument in the section of its brief addressing whether the due process requirements for juvenile offender proceedings should include adversarial preliminary hearings. The argument strays into the arena of the Fourth Amendment requirements set forth in Gerstein, by noting that R.W.T. v. Dalton, 712 F.2d 1225, 1230 (8th Cir.1983), held that all juveniles were entitled to a judicial determination of probable cause at the commencement of proceedings, if the juvenile's liberty was at stake. The State then contends that conclusory language sandwiched in the middle of the summons issued to D.E.R., which was labeled Probable Cause Affidavit, satisfied the judicial determination of probable cause requirement.
We agree with the State's citation to Dalton, which extended Gerstein's probable cause requirements to juveniles, and we are particularly persuaded by the following rationale: "The right not to be jailed for any substantial period of time without a neutral decision that there is probable cause is basic to a free society. Children should enjoy this right no less than adults." 712 F.2d at 1231. Interestingly, a footnote in Dalton suggests that an actual hearing is required, which would refute the State's contention that the summons was sufficient. 712 F.2d at 1230 n. 5.
However, here, we must decline to decide the hypothetical question of what procedure would have satisfied the requirement of "a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty." Gerstein, 420 U.S. at 125, 95 S.Ct. 854. D.E.R. was not in custody when he requested a preliminary hearing. There is no evidence that he had been subjected to a bond requirement. See K.S.A.2009 Supp. 38-2343(e) (juvenile can be required to post a bond if the court has determined that the juvenile is unlikely to appear for future proceedings). Pointedly, D.E.R. did not argue that he was being subjected to a pretrial restraint of liberty. Therefore, the question of what procedure might have been required, short of a K.S.A. 22-3902 preliminary examination, to satisfy the requirement of a judicial determination of probable cause in the event D.E.R. had been subjected to a pretrial restraint of liberty is simply not ripe for deciding.
We do note that there are circumstances under which a juvenile may be taken into custody and detained, i.e., subjected to a restraint of liberty. See K.S.A.2009 Supp. 38-2331 (criteria for detention of juvenile). Interestingly, K.S.A.2009 Supp. 38-2343, which provides a juvenile with a detention hearing, does not require a judicial finding of probable cause as a prerequisite to pretrial custody in a juvenile detention facility. We would suggest that constitutional considerations would require the district court to make that additional finding of probable cause, if it had not already been done. Nevertheless, the district court need not conduct a full-blown K.S.A. 22-2902 preliminary examination under any circumstances, and the question reserved is sustained.
Sustained.