241 P.3d 114 (2010)
In the Matter of J.L.B.
No. 103,933.
Court of Appeals of Kansas.
October 8, 2010.
*115 Starla Borg Nelson, of Jamestown, for appellant.
Jennifer R. O'Hare, special prosecutor, for appellee.
Before HILL, P.J., GREEN and BUSER, JJ.
GREEN, J.
In this juvenile case, we are presented with the question of whether two juvenile adjudications occurring in separate cases but at the same hearing before the same court can each be counted as a prior adjudication in categorizing the offender in the other adjudication, for the purposes of K.S.A.2009 Supp. 38-2369 under the juvenile sentencing matrix. We determine that the answer to this question is no. As a result, the trial *116 court's decision in this case that J.L.B.'s juvenile adjudication in 09JV25 (formerly 09JV389) could be used as a prior adjudication in 09JV29 (formerly 09JV390) and likewise the juvenile adjudication in 09JV29 could be used as a prior adjudication in 09JV25, where the two juvenile adjudications occurred simultaneously before the same court, was in error. As a result, we reverse J.L.B.'s sentences for her juvenile adjudications and remand to the trial court for resentencing in accordance with this opinion.
On September 22, 2009, J.L.B. entered into a written tender of plea in case numbers 09JV389 and 09JV390. In case number 09JV390, J.L.B. pled guilty to felony theft in violation of K.S.A. 21-3701(a)(1), a severity level 9 nonperson felony if committed by an adult. The act giving rise to J.L.B.'s adjudication in case number 09JV390 occurred on or about July 15, 2009. In case number 09JV389, J.L.B. pled guilty to residential burglary in violation of K.S.A. 21-3715(a), a severity level 7 person felony if committed by an adult. The act giving rise to J.L.B.'s adjudication in case number 09JV389 occurred on or about June 25, 2009.
On September 23, 2009, the trial court entered a written order accepting J.L.B.'s plea in both 09JV389 and 09JV390. Upon accepting J.L.B.'s guilty pleas, the trial court transferred venue in both cases to Mitchell County for sentencing. Saline County case number 09JV390 became Mitchell County case number 09JV29, and Saline County case number 09JV389 became Mitchell County case number 09JV25.
When sentencing occurred, J.L.B.'s juvenile offender history included one previous juvenile adjudication, on August 15, 2008, for theft, a class A misdemeanor. The magistrate judge followed the recommendations of the State and the presentence investigation reports and found that J.L.B. was a chronic offender II escalating felon in case number 09JV29 and a serious offender II in case number 09JV25. In doing so, the magistrate judge apparently treated J.L.B.'s adjudication in 09JV25 as a prior adjudication in 09JV29 and likewise treated J.L.B.'s adjudication in 09JV29 as a prior adjudication in 09JV25. Based on J.L.B.'s offender classifications on the placement matrix chart, the magistrate judge sentenced J.L.B. to 18 months confinement in a juvenile correctional facility with an aftercare term of 12 months.
J.L.B. appealed her sentencing by the magistrate judge to the trial court. J.L.B. filed an appeal brief with the trial court in which she argued that her adjudications in case numbers 09JV25 and 09JV29 could not constitute prior adjudications and that the inclusion of each case as a prior adjudication in the other case resulted in erroneous classification for criminal history purposes. J.L.B. maintained that case numbers 09JV25 and 09JV29 were consolidated in Saline County before being transferred to Mitchell County for disposition and, therefore, did not constitute prior adjudications in her criminal history. Alternatively, J.L.B. argued that even without consolidation, it was erroneous to count each offense as a prior adjudication for sentencing purposes based on the procedural history of the cases and the plain language of the Revised Kansas Juvenile Justice Code (Juvenile Code). J.L.B. asserted that she had only one prior misdemeanor adjudication when she was sentenced in 09JV25 and 09JV29 and that the magistrate judge's findings that she was a chronic offender II escalating felon in 09JV29 and a serious offender II in 09JV25 was erroneous.
The trial court upheld the magistrate's decision. Relying on language by our Supreme Court in In re D.M., 277 Kan. 881, 89 P.3d 639 (2004), and In re J.M., 273 Kan. 550, 44 P.3d 429 (2002), the trial court determined that because J.L.B.'s two offenses were committed on separate dates and were originally charged in separate complaints, the adjudication in 09JV25 could be scored as a prior adjudication for sentencing in 09JV29 and likewise the adjudication in 09JV29 could be scored as a prior adjudication for sentencing in 09JV25.

Standard of Review
On appeal, J.L.B. argues that the trial court erred in classifying her as a chronic offender II escalating felon in case number 09JV29 and a serious offender II in case number 09JV25 when both cases were present offenses rather than prior adjudications *117 under the Juvenile Code sentencing matrix provisions of K.S.A.2009 Supp. 38-2369.
J.L.B.'s argument on this issue requires the interpretation of a statute, which presents a question of law subject to unlimited review. See State v. Jefferson, 287 Kan. 28, 33, 194 P.3d 557 (2008). The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. Hall v. Dillon Companies, Inc., 286 Kan. 777, 785, 189 P.3d 508 (2008). An appellate court's first task is to "`ascertain the legislature's intent through the statutory language it employs, giving ordinary words their ordinary meaning.' [Citation omitted.]" State v. Gracey, 288 Kan. 252, 257, 200 P.3d 1275 (2009).
Moreover, in interpreting sentencing statutes under the Juvenile Code, our Supreme Court has set forth the general rule that criminal statutes must be construed in favor of the accused. Any reasonable doubt about the statute's meaning is decided in favor of anyone subjected to the criminal statute. Nevertheless, the rule of strict construction is subordinate to the rule that judicial interpretation must be reasonable and sensible to effect legislative design and intent. See In re D.M., 277 Kan. at 883, 89 P.3d 639; In re J.M., 273 Kan. at 553, 44 P.3d 429.
With these standards firmly in mind, we turn now to interpreting K.S.A.2009 Supp. 38-2369, the Juvenile Code statute at issue in the present case.

K.S.A. 2009 Supp. 38-2369
In order for a juvenile offender to be sentenced as a serious offender II, K.S.A.2009 Supp. 38-2369(a)(2)(B) requires the following:
"The serious offender II is defined as an offender adjudicated as a juvenile offender for an offense which, if committed by an adult, would constitute a nondrug severity level 7, 8, 9 or 10 person felony with one prior felony adjudication. Offenders in this category may be committed to a juvenile correctional facility for a minimum term of nine months and up to a maximum term of 18 months. The aftercare term for this offender is set at a minimum term of six months and up to a maximum term of 24 months." (Emphasis added.)
Under K.S.A.2009 Supp. 38-2369(a)(2)(B), in order for J.L.B. to be sentenced as a serious offender II in case number 09JV25, which constituted a severity level 7 person felony if committed by an adult, J.L.B. needed to have one prior felony adjudication. Thus, based on J.L.B.'s criminal history, the only way that she could be sentenced as a serious offender II in case number 09JV25 was if her felony adjudication in 09JV29 could be considered a "prior felony adjudication" under K.S.A.2009 Supp. 38-2369(a)(2)(B).
Similarly, in order for J.L.B. to be sentenced as a chronic offender II escalating felon under K.S.A.2009 Supp. 38-2369(a)(3)(B) in case number 09JV29, it was necessary that she have one prior felony adjudication. Specifically, K.S.A.2009 Supp. 38-2369(a)(3)(B) provides as follows:
"The chronic offender II, escalating felon is defined as an offender adjudicated as a juvenile offender for an offense which, if committed by an adult, would constitute:
(i) One present felony adjudication and either two prior misdemeanor adjudications or one prior person or nonperson felony adjudication;
(ii) one present felony adjudication and two prior severity level 4 drug adjudications;
(iii) one present severity level 3 drug felony adjudication and either two prior misdemeanor adjudications or one prior person or nonperson felony adjudication; or
(iv) one present severity level 3 drug felony adjudication and two prior severity level 4 drug adjudications.
"Offenders in this category may be committed to a juvenile correctional facility for a minimum term of six months and up to a maximum term of 18 months. The aftercare term for this offender is set at a minimum term of six months and up to a maximum term of 12 months."
Here, K.S.A.2009 Supp. 38-2369(a)(3)(B)(ii) through (iv) were inapplicable to J.L.B. because her present adjudication in case number *118 09JV29, her adjudication in case number 09JV25, and her 2008 prior adjudication were not drug adjudications. Moreover, because J.L.B. did not have two prior misdemeanor adjudications, she could be sentenced as a chronic offender II under K.S.A.2009 Supp. 38-2369(a)(3)(B)(i) only if she had one prior person or nonperson felony adjudication. Thus, based on J.L.B.'s criminal history, the only way she could be sentenced as a chronic offender II escalating felon in case number 09JV29 was if the felony adjudication in 09JV25 could be considered as a prior felony adjudication under K.S.A.2009 Supp. 38-2369(a)(3)(B)(i).

Prior Felony Adjudication
The question in this case appears to be one of first impression: Can juvenile adjudications that occur at the same hearing in two cases each be counted as a "prior adjudication" in the other case under K.S.A.2009 Supp. 38-2369?
The legislature has not specifically defined "prior adjudication" within the Juvenile Code. Although the Kansas Sentencing Guidelines Act specifically defines "prior conviction" for adult criminal history purposes, that definition does not provide guidance in the instant matter as the Juvenile Code is separate and distinct from the adult criminal code.
K.S.A.2009 Supp. 38-2304(a) states that "[e]xcept as provided in K.S.A.2009 Supp. 38-2347, and amendments thereto, proceedings concerning a juvenile shall be governed by the provisions of this code." In interpreting this statute, our Supreme Court in In re D.E.R., 290 Kan. 306, 310, 225 P.3d 1187 (2010), stated: "K.S.A.2009 Supp. 38-2304(a) clearly provides that proceedings concerning a juvenile are to be governed by the provisions of the Juvenile Code, not the Code of Criminal Procedure, except where specifically applied by K.S.A.2009 Supp. 38-2347 to adult prosecutions and extended jurisdiction juvenile prosecutions."
Our legislature has provided, in painstaking detail, a comprehensive sentencing scheme under the Juvenile Code that is essentially complete as written. See In re W.H., 274 Kan. 813, 822, 57 P.3d 1 (2002). The Juvenile Code incorporates a detailed placement matrix based on the history of a juvenile's prior offenses and his or her present offense, providing guidance and alternatives to the sentencing judge for confinement, as set forth in K.S.A.2009 Supp. 38-2369. See In re W.H., 274 Kan. at 819, 57 P.3d 1 (discussing K.S.A. 38-16,129, the predecessor statute to K.S.A.2009 Supp. 38-2369). If the legislature wished to include a definition for "prior adjudication" similar to that set forth for "prior conviction" under K.S.A. 21-4710, it could have easily done so under the Juvenile Code. In the absence of a specific definition for "prior adjudication" under the Juvenile Code, this court looks to the plain meaning of K.S.A.2009 Supp. 38-2369 and how the term "prior adjudication" is used within that statute.
Our Supreme Court in In re D.M., 277 Kan. 881, 89 P.3d 639, was called upon to interpret the terms present adjudication and prior adjudication as contained in K.S.A. 38-16,129(a)(3)(B)(i), the predecessor statute to K.S.A.2009 Supp. 38-2369. Under K.S.A. 38-16,129(a)(3)(B)(i), a chronic offender II, escalating felon was defined as an offender adjudicated as a juvenile offender for an offense which, if committed by an adult, would constitute one present felony adjudication and two prior misdemeanor adjudications. Our Supreme Court held that the juvenile offender, who had a prior adjudication as a felon and three prior misdemeanor adjudications with a present misdemeanor adjudication, may not, upon revocation of his probation involving both prior and present adjudications be placed in a juvenile correctional facility as a chronic offender II, escalating felon under K.S.A. 38-16,129(a)(3)(B)(i).
In so holding, our Supreme Court determined that the intent of the legislature, by including the terms prior and present in K.S.A. 38-16,129(a)(3)(B), was to categorize the offenses by the date of adjudication:
"Under K.S.A. 38-16,129(a)(3), four ways are listed in which a juvenile offender may be classified as a chronic offender II, escalating felon. All four definitions, including K.S.A. 38-16,129(a)(3)(B)(i), involve prior less serious adjudication(s) followed by a *119 more serious present felony adjudication. This differentiation in the time that the offenses were committed is necessary to establish that the juvenile offender is indeed a chronic, escalating felon, i.e., that his offenses were frequently occurring and increasing in severity. If the legislature were simply concerned with the number and type of adjudications without reference to when they occurred, the juvenile offender in this case would have met those requirements in his first case, and the term `chronic offender II, escalating felon' would have no meaning.
"Although both cases were technically open at the probation violation hearing, the intent of the legislature was to categorize the offenses by the date of adjudication by including the terms prior and present in the statute. Without using dates, it is difficult to categorize an adjudication as prior or present, and it could result in much confusion as to which cases were prior and which cases were present if all open cases were considered present. The legislature could have omitted the terms prior and present but that would defeat its intent to provide for more severe punishment options as the severity of a juvenile offender's offenses increases. As this court has recognized, `[o]ur legislature has established in painstaking detail, a comprehensive sentencing scheme [in the KJJC], essentially complete as written.' 274 Kan. at 822 [57 P.3d 1].
"In this case, the January 2001 (00JV332) case involving the felony adjudication, was clearly `earlier in time or order' to the December 2001(01JV265) case involving the misdemeanor adjudication. Thus, the district court's conclusion that the defendant was not eligible for placement in a juvenile correctional facility under K.S.A. 38-16,129(a)(3)(B)(i) must be affirmed." 277 Kan. at 886-87 [89 P.3d 639].
As explained in In re D.M., the legislature's decision to include the terms "present" and "prior" in the statute addressing the sentencing of juvenile offenders is highly significant. Our Supreme Court in In re D.M. noted that "prior" is defined as "earlier in time or order" and that "present" may be defined as "now existing or in progress," "existing in something mentioned or under consideration," or "constituting the one actually involved, at hand, or being considered." Webster's New Collegiate Dictionary 910, 915 (1973). Thus, under the plain language of K.S.A.2009 Supp. 38-2369(a)(2)(B) and (a)(3)(B)(i), the prior adjudication must have occurred "earlier in time or order" than the present adjudication.
Moreover, as interpreted by our Supreme Court, the legislature, by including the terms "prior" and "present" in K.S.A.2009 Supp. 38-2369(a)(3)(B)(i) intended to categorize the offenses by the date of adjudication. The legislature used similar language in K.S.A. 2009 Supp. 38-2369(a)(2)(B). In the present case, the adjudications in 09JV389 (later 09JV25) and 09JV390 (later 09JV29) occurred before the same court on the same date under a single written Tender of Plea. Within the written Tender of Plea, J.L.B. stated as follows: "In 09JV390 I will plea[d] guilty to Felony Theft a level 9 Nonperson Felony. In 09JV389 I will plea[d] guilty to Count 1 Residential Burglary a Level 7 person felony." The court entered an Order Accepting Plea in which it accepted the Tender of Plea in both 09JV389 (later 09JV25) and 09JV390 (later 09JV29) and included both case numbers in the caption. As a result, the record demonstrates that the adjudications in 09JV389 (later 09JV25) and 09JV390 (later 09JV29) occurred at the same time before the same court and therefore, neither adjudication constituted a prior adjudication for purposes of the sentencing matrix under K.S.A.2009 Supp. 38-2369(a)(2)(B) and (a)(3)(B)(i).
The State argues, however, that In re J.M., 273 Kan. 550, 44 P.3d 429, in which our Supreme Court upheld the decision of the sentencing court to score two separate adjudications in a previous juvenile case against the juvenile offender to classify him as a chronic offender II escalating felon, provides support for the trial court's decision in this case. Nevertheless, the State's attempted comparison of the analysis In re J.M. to the present case is strained. That is because unlike the present case, the juvenile offender *120 in In re J.M. had two prior adjudications that had occurred nearly 2 1/2 years before his present adjudication. Thus, the juvenile offender's previous adjudications were properly categorized as prior adjudications because they occurred on a date before the offender's present offense. Here, however, J.L.B.'s adjudications in 09JV25 and 09JV29 should not be categorized as prior adjudications because they occurred simultaneously on the same date before the same court.
Based on the plain language of K.S.A.2009 Supp. 38-2369 and our Supreme Court's decision in In re D.M., this court should find that the trial court erroneously counted J.L.B.'s adjudication in 09JV25 (formerly 09JV389) as a prior adjudication in 09JV29 (formerly 09JV390) and likewise erroneously counted her adjudication in 09JV29 as a prior adjudication in 09JV25. As set forth previously from the In re D.M. opinion; our Supreme Court stated:
"[T]he intent of the legislature was to categorize the offenses by the date of adjudication by including the terms prior and present in the statute. Without using dates, it is difficult to categorize an adjudication as prior or present, and it could result in much confusion as to which cases were prior and which cases were present if all open cases were considered present." 277 Kan. at 886 [89 P.3d 639].
Under the circumstances present here, where the record demonstrates that the adjudications in 09JV25 and 09JV29 occurred at the same time before the same court, neither adjudication was a prior adjudication for purposes of the sentencing matrix under K.S.A. 2009 Supp. 38-2369(a)(2)(B) and (a)(3)(B)(i). As a result, J.L.B.'s sentences for her juvenile adjudications are vacated and her case remanded for resentencing in accordance with this opinion.
Sentences vacated and case remanded for resentencing.