No. 102,241

In the Matter of D.M.-T., *Respondent.*

(249 P.3d 418)

Review of the judgment of the Court of Appeals in an unpublished opinion filed June 11, 2010. Opinion filed April 8, 2011.

*John W. Fay,* of Kansas City, argued the cause, and *Andrea Rolfingsmeier,* of Kansas City, was with him on the briefs for appellant.

*Sheri L. Courtney,* assistant district attorney, argued the cause, and *Jerome A. Gorman,* district attorney, was with her on the briefs for appellee.

The opinion of the court was delivered by

JOHNSON, J.: Following a bench trial, D.M.-T. was adjudicated a juvenile offender for having committed acts at age 13 which would have constituted the crime of rape if he had been an adult. The district court sentenced D.M.-T. to 30 months in a juvenile correctional facility and ordered him to complete sex offender treatment.

D.M.-T. filed a direct appeal, arguing that the evidence was insufficient to support the adjudication and that the trial judge had applied the incorrect standard of proof. The Court of Appeals affirmed the adjudication, and the Supreme Court denied D.M.-T.'s petition for review on May 28, 2008. *In re D.M.-T.*, No. 97,721, 2007 WL 4246887 (Kan. App. 2007) (unpublished opinion). The Court of Appeals mandate was issued May 30, 2008, and filed in the Wyandotte County District Court on June 3, 2008.

On June 20, 2008, this court filed its opinion in *In re L.M.*, 286 Kan. 460, 186 P.3d 164 (2008), holding that juveniles have a constitutional right to a jury trial. The opinion specified that its holding regarding a juvenile's right to a jury trial "will apply only to cases pending on direct review or not yet final on the date of filing of this opinion." 286 Kan. at 473-74.

On July 15, 2008, D.M.-T. filed a pleading entitled "Post Trial Motion to Set Aside Judgment and Sentencing." The six-sentence motion summarily contended that D.M.-T. was "within the time period of the case law decision" in *In re L.M.* and prayed "that the Court set aside the Bench Trial Conviction and grants the defendant a new Trial by Jury." Subsequently, another attorney filed "Suggestions in Support" of D.M.-T.'s motion, expanding the argument to assert that D.M.-T.'s direct appeal was not final at the time *In re L.M.* was decided because the deadline for filing a petition for writ of certiorari with the United States Supreme Court had not expired.

The district court overruled D.M.-T.'s motion, noting that the juvenile had not requested a jury trial, notwithstanding that court's policy of granting such requests where the alleged acts would constitute a person felony for an adult. Further, the district court found that D.M.-T.'s failure to raise the jury trial issue on direct appeal was fatal to his postappeal motion.

D.M.-T. appealed the district court's denial of his motion to set aside his judgment and sentence. Ultimately, the Court of Appeals dismissed the appeal for lack of jurisdiction. *In re D.M.-T.*, No. 102,241, 2010 WL 2545666 (Kan. App. 2010) (unpublished opinion). The Court of Appeals reiterated that the right to appeal is entirely statutory and stated that K.S.A. 2010 Supp. 38-2380, which

governs appeals in juvenile offender cases, provides no authority to appeal an adverse ruling in a postadjudication motion. *In re D.M.-T.*, 2010 WL 2545666, at *3.

### APPELLATE JURISDICTION

To clarify, the Court of Appeals did not reach the merits of D.M.-T.'s appeal, *i.e.*, whether his case was not final when *In re L.M.* was filed, so that he was entitled to a retrial before a jury. The Court of Appeals' action from which D.M.-T. seeks relief is a dismissal based upon the absence of appellate jurisdiction.

### *Standard of Review*

Appellate courts have unlimited review of issues involving the existence of jurisdiction. *State v. Denney*, 283 Kan. 781, 787, 156 P.3d 1275 (2007). Likewise, to the extent we must engage in statutory interpretation, our review of that question of law is unlimited. *Cooper v. Werholtz*, 277 Kan. 250, 252, 83 P.3d 1212 (2004).

### *Analysis*

This court has consistently held that a right to appeal is not to be found within the Kansas Constitution or the United States Constitution, but rather an appeal is only a statutory right. *State v. Legero*, 278 Kan. 109, 111, 91 P.3d 1216 (2004). Accordingly, appellate courts have jurisdiction to review a case only if the appeal is permitted by statute. *Wasson v. United Dominion Industries*, 266 Kan. 1012, 1018-19, 974 P.2d 578 (1999). Further, an appellate court has the duty to inquire into its jurisdiction and dismiss the appeal if the record indicates an absence of jurisdiction. *State v. Gill*, 287 Kan. 289, 294, 196 P.3d 369 (2008).

At oral argument, D.M.-T. agreed that his motion to set aside adjudication and sentence was not intended to be in the nature of a writ of habeas corpus. *Cf.* K.S.A. 60-1501; K.S.A. 60-1507. Rather, the motion was filed under the Revised Kansas Juvenile Justice Code (RKJJC), K.S.A. 2010 Supp. 38-2301 *et seq*. See K.S.A. 2010 Supp. 38-2328(b) (governing motions under the juvenile justice code). Accordingly, the statutory right to appeal the denial of his motion was governed by the provisions of the RKJJC, specifically, K.S.A. 2010 Supp. 38-2380.

As the Court of Appeals pointed out, 38-2380 plainly authorizes a juvenile to appeal in only two instances: K.S.A. 2010 Supp. 38-2380(a) provides for an appeal of an order authorizing prosecution as an adult; and subsection (b) provides that "[t]he juvenile offender may appeal from an order of adjudication or sentencing, or both." Here, D.M.-T. was not subject to an order authorizing adult prosecution, and he exercised his statutory right to appeal the order of adjudication and sentencing order in his direct appeal. See *In re D.M.-T.*, 2007 WL 4246887. The order he now attempts to appeal is the denial of his postappeal motion which collaterally attacked the procedure employed to adjudicate him as a juvenile offender. The RKJJC contains no explicit authority for a juvenile to appeal an adverse ruling on such a motion.

D.M.-T. argued to the Court of Appeals that there was no case law delineating what matters a juvenile could appeal under K.S.A. 2010 Supp. 38-2380 and, therefore, the court should broadly construe the statute to permit the appeal of postadjudication motions. The Court of Appeals rejected the notion that the absence of case law on the subject empowers an appellate court to presume that jurisdiction exists. To the contrary, "Kansas appellate courts generally obtain jurisdiction to entertain an appeal only as provided by statute." *In re D.M.-T.*, 2010 WL 2545666, at *2. The Court of Appeals could not find a right to appeal from an order denying a postadjudication motion in the plain language of K.S.A. 2010 Supp. 38-2380 and dismissed the appeal. *In re D.M.-T.*, 2010 WL 2545666, at *3.

On petition for review, D.M.-T. changes direction, asserting that the Court of Appeals "unconstitutionally limited the scope of juvenile appellate jurisdiction." In arguing the point, D.M.-T. cites to the standard applied by appellate courts in determining whether to review an issue which has become moot, *i.e.*, whether the issue is of public importance and capable of repetition yet evading judicial review. He also argues that the general rule precluding review of constitutional issues raised for the first time on appeal should not be invoked in his case because consideration of his claim is necessary to serve the ends of justice. See *State v. Gaudina*, 284 Kan. 354, 372, 160 P.3d 854 (2007). Neither mootness nor issue

preservation is the question before us. Moreover, in those circumstances, the appellate court has obtained jurisdiction of the appeal prior to deciding whether it would be prudent to consider the particular issue. We are still at the first step of determining the existence of jurisdiction.

The crux of D.M.-T.'s argument appears to be that he was denied his constitutional right to a jury trial and, therefore, the restriction on his right to appeal is an unconstitutional violation of his right to procedural due process. That argument conflates the issue of appellate jurisdiction with the issue raised on appeal. The determination of appellate jurisdiction is unaffected by the nature or the merits of the claims being advanced in the appeal. Given that a constitutional right to appeal does not exist under any circumstances and that a statutory right to appeal did not exist under D.M.-T.'s circumstances, there could be no procedural due process violation, regardless of the merits of D.M.-T.'s claims.

D.M.-T. also contends that *In re L.M.* stands for the proposition that juveniles are entitled to the same statutory procedures that are afforded to adult criminal defendants. He does not explain what statutory procedure would have been available under the adult criminal code for a defendant to move to set aside a conviction and sentence in the criminal proceeding or to appeal an adverse ruling on that motion. Ordinarily, that type of postconviction relief is sought through a K.S.A. 60-1507 civil action. Nevertheless, we recently rejected D.M.-T.'s argument. In *In re D.E.R.*, 290 Kan. 306, 225 P.3d 1187 (2010), where we held that juveniles were not entitled to a preliminary hearing, we clarified that *In re L.M.* was not intended to grant juveniles the same statutory rights as adults and that juvenile procedures are not required to parallel adult criminal procedures. *In re D.E.R.*, 290 Kan. at 311.

In conclusion, we find that the juvenile justice code made no provision for the appeal of the district court's order denying D.M.-T.'s postappeal motion to set aside adjudication and sentence.

Therefore, the Court of Appeals lacked appellate jurisdiction to review D.M.-T.'s claims, and the panel was correct in dismissing the appeal.

Affirmed.