IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 121,936

In the Matter of the Wrongful Conviction of
M.M.

SYLLABUS BY THE COURT

1.

In Kansas, a juvenile adjudication is not a conviction.

2.

K.S.A. 2019 Supp. 60-5004 does not allow a claimant to recover for a wrongful juvenile adjudication because K.S.A. 2019 Supp. 60-5004(c)(1)(A) requires a claimant show he or she was "convicted of a felony crime."

Appeal from Clay District Court; JOHN F. BOSCH, judge. Opinion filed March 12, 2021. Affirmed.

*Benjamin J. Stueve*, of Stinson LLP, of Kansas City, Missouri, argued the cause, and *John C. Aisenbrey*, of the same firm*,* was with him on the briefs for appellant.

*Dwight R. Carswell*, assistant solicitor general, argued the cause, and *Brant M. Laue*, deputy solicitor general, *Toby Crouse*, solicitor general, and *Derek Schmidt,* attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

STEGALL, J.:  M.M. was wrongfully found guilty of aggravated indecent liberties as a juvenile. M.M. sought to recover compensation under K.S.A. 2019 Supp. 60-5004

1

for his wrongful 226-day confinement to a juvenile corrections facility. The Clay County District Court, however, dismissed M.M.'s claim, holding that K.S.A. 2019 Supp. 60-5004 does not afford compensation to juveniles wrongfully found guilty during a juvenile adjudication. We affirm the district court's decision to dismiss M.M.'s claim because K.S.A. 2019 Supp. 60-5004 does not allow compensation for wrongful juvenile adjudications.

FACTUAL AND PROCEDURAL BACKGROUND

A Clay County district magistrate judge found M.M. guilty of aggravated indecent liberties after a bench trial. Following this adjudication, the magistrate judge sentenced M.M. to two years' confinement at a juvenile corrections facility and six months' aftercare. M.M. was also required to register as a sex offender until reaching the age of 18. M.M. appealed the magistrate's orders a week later under K.S.A. 2019 Supp. 38-2382(a) asking for a jury trial. See K.S.A. 2019 Supp. 38-2382(a) ("An appeal from a district magistrate judge who is not regularly admitted to practice law in Kansas shall be to a district judge. The appeal shall be by trial de novo unless the parties agree to a de novo review on the record of the proceedings.").

About seven months later, M.M. was tried by a jury in the District Court of Clay County. There, the jury found M.M. not guilty of aggravated indecent liberties with a child and M.M. was immediately released back to the custody of his mother. At this time, M.M. had been confined in the juvenile corrections facility for 226 days.

Years later, M.M. filed a Petition for Certificate of Innocence under K.S.A. 2019 Supp. 60-5004. M.M. sought a certificate of innocence, statutory damages for his wrongful conviction and imprisonment, and reasonable attorney fees and costs. In response, the State moved to dismiss arguing M.M. failed to state a claim upon which relief can be granted. The State argued that M.M.'s claim did not satisfy the elements of

2

K.S.A. 2019 Supp. 60-5004 because "[M.M.] was not 'convicted of a felony crime'; he was not exonerated by 'dismissal or on retrial'; he was not 'imprisoned'; and, he was not imprisoned for at least one year, in any event." See K.S.A. 2019 Supp. 60-5004(c)(1)(A)-(D) (listing requirements claimant must establish by a preponderance of evidence).

The district court granted the State's motion to dismiss after hearing oral arguments. M.M. appealed the district court's decision to this court under K.S.A. 2019 Supp. 60-5004(l) ("The decision of the district court may be appealed directly to the supreme court pursuant to the code of civil procedure."). We affirm the district court's dismissal because the statute's plain language unambiguously bars claimants from recovering for wrongful juvenile adjudications.

ANALYSIS

"'Whether a district court erred by granting a motion to dismiss for failure to state a claim is a question of law subject to unlimited review.'" *Williams v. C-U-Out Bail Bonds,* 310 Kan. 775, 784, 450 P.3d 330 (2019) (quoting *Cohen v. Battaglia*, 296 Kan. 542, Syl. ¶ 1, 293 P.3d 752 [2013]). To the extent that our review requires us to interpret the meaning of K.S.A. 2019 Supp. 60-5004, our review is also unlimited. *Nauheim v. City of Topeka*, 309 Kan. 145, 149, 432 P.3d 647 (2019) ("Statutory interpretation presents a question of law subject to de novo review.").

The most fundamental rule of statutory interpretation is that the intent of the Legislature governs if that intent can be ascertained. *In re Joint Application of Westar Energy & Kansas Gas and Electric Co.*, 311 Kan. 320, 328, 460 P.3d 821 (2020). In ascertaining this intent, we begin with the plain language of the statute, giving common words their ordinary meaning. 311 Kan. at 328. When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily

3

found in its words. *Ullery v. Othick*, 304 Kan. 405, 409, 372 P.3d 1135 (2016). We will only review legislative history or use canons of construction if the statute's language or text is ambiguous. *In re Westar Energy*, 311 Kan. at 328.

First, we reject M.M.'s argument that we must deviate from these touchstone rules of statutory interpretation. M.M. asks us to disregard the Legislature's intent as expressed through the plain language of the statute and instead construe K.S.A. 2019 Supp. 60-5004 as broadly as possible because it is a remedial statute. M.M. relies on our decision in *State v. Trudell*, 243 Kan. 29, 755 P.2d 511 (1988), for support.

Our holding in *Trudell*, however, is narrow. There, we held that "a *tort statute* may be construed liberally in order to give effect to its remedial purpose." (Emphasis added.) 243 Kan. 29, Syl. ¶ 2. Unlike tort law—derived from common law—K.S.A. 2019 Supp. 60-5004 was promulgated by the Kansas Legislature. See *State v. Quested*, 302 Kan. 262, 294-95, 352 P.3d 553 (2015) (Johnson, J., dissenting) ("The common law is defined as '[t]he body of law derived from judicial decisions, rather than from statutes or constitutions; Caselaw.' Black's Law Dictionary 334 [10th ed. 2014]."). As a result, we are bound to interpret and apply the provisions of K.S.A. 2019 Supp. 60-5004 as the Legislature intended—not to extend the statute's application when the court sees fit. See *Sierra Club v. Mosier*, 305 Kan. 1090, Syl. ¶ 8, 391 P.3d 667 (2017) ("Under the separation of powers doctrine, determination of appropriate policy must be left to the legislative and executive branches of Kansas government, and courts are limited to the exercise of judicial power in interpreting and applying the law.").

We reject M.M.'s claim that K.S.A. 2019 Supp. 60-5004 applies to juvenile adjudications because the plain language of the statute unambiguously states otherwise. When interpreting the provisions of a statute, we generally presume that the Legislature acts with full knowledge of the statutory subject matter, including prior and existing law and judicial decisions interpreting the same. *Ed DeWitte Ins. Agency v. Financial Assocs.*

4

*Midwest*, 308 Kan. 1065, 1071, 427 P.3d 25 (2018). Under K.S.A. 2019 Supp. 60-5004(c)(1)(A), a wrongfully convicted claimant is eligible to receive damages by proving "[t]he claimant was convicted of a felony crime and subsequently imprisoned." See also K.S.A. 2019 Supp. 60-5004(c)(1) (requiring claimants to prove K.S.A. 2019 Supp. 60-5004[c][1][A]-[D] by a preponderance of evidence).

Our caselaw clearly states that "a juvenile adjudication is not a 'criminal conviction.'" *State v. LaMunyon*, 259 Kan. 54, 59, 911 P.2d 151 (1996) (citing *State v. Fountaine*, 196 Kan. 638, 414 P.2d 75 [1966]); see also *In re D.E.R.*, 290 Kan. 306, 311, 225 P.3d 1187 (2010) (rejecting the argument that this court equated juvenile adjudications and criminal convictions in *In re L.M.*, 286 Kan. 460, 186 P.3d 164 [2008]); *State v. Boyer*, 289 Kan. 108, 116, 209 P.3d 705 (2009) (holding that reference to convictions under K.S.A. 21-4704[j] does not encompass juvenile adjudications). We presume the Legislature was aware of this well settled caselaw when it chose to use the word "convicted" in K.S.A. 2019 Supp. 60-5004(c)(1)(A). Thus, K.S.A. 2019 Supp. 60-5004 unambiguously prohibits recovery for wrongful juvenile adjudications. We affirm the district court's decision granting the State's motion to dismiss.

Affirmed.

SALLY D. POKORNY, District Judge, assigned.[1]

---

[1]**REPORTER'S NOTE:** District Judge Pokorny was appointed to hear case No. 121,936 under the authority vested in the Supreme Court by art. 3, § 6(f) of the Kansas Constitution to fill the vacancy on the court by the retirement of Justice Carol A. Beier.