No. 129,437

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of K.S.

SYLLABUS BY THE COURT

The Revised Kansas Juvenile Justice Code, K.S.A. 38-2301 et seq., does not authorize appeals from district court orders that revoke probation.

Appeal from Sedgwick District Court; GREGORY D. KEITH, judge. Submitted without oral argument. Opinion filed March 27, 2026. Appeal dismissed.

*Jordan E. Kieffer*, of Jordan Kieffer, P.A., of Wichita, for appellant.

*Kristi D. Allen*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before ARNOLD-BURGER, P.J., BRUNS and SCHROEDER, JJ.

ARNOLD-BURGER, J.: K.S. appeals the district court's order revoking his probation and lifting the stay on a 36-month direct commitment to a juvenile correctional facility with 24 months of aftercare. Because we find that the Revised Kansas Juvenile Justice Code, K.S.A. 38-2301 et seq., does not authorize appeals from district court orders that revoke probation, we dismiss his appeal.

FACTUAL AND PROCEDURAL HISTORY

Fifteen-year-old K.S. pled no contest to aggravated battery for acts committed on December 17, 2023. In May 2024, the district court found that K.S.'s acts, if done by an

1

adult, would have constituted aggravated battery. The court determined that K.S. is a serious offender I as defined by K.S.A. 38-2369(a)(2)(A). Finally, the district court found that K.S. posed a significant risk of harm to another or damage to property pursuant to K.S.A. 38-2369(a).

K.S. was placed in the custody of the Kansas Department of Corrections—Juvenile Services for commitment to a juvenile correctional facility for a term of 36 months with a 24-month aftercare term. The district court, however, ordered that K.S.'s direct commitment be stayed upon his completion of a nine-month probation term.

Approximately four months later, K.S.'s probation officer filed a report alleging K.S. violated the conditions of his probation. In October 2024, the district court held a probation violation hearing. K.S. waived his right to an evidentiary hearing and admitted to three probation violations: failing classes, driving without a license, and numerous failures to maintain charge for his electronic monitoring device.

The district court found the allegations to be true, determined that K.S. was in violation of his probation, and revoked K.S.'s probation.

As for disposition for the violation, the State argued that the district court should adopt the intensive supervision officer's recommendations. The State noted that K.S.'s sentence was stayed when he was placed on probation and that K.S. continued to violate his probation, emphasizing that the first alleged violation occurred less than one month after sentencing.

Based on K.S.'s charges and the probation officer's report, the State asked the district court to find that he was a danger to others, not amenable to probation, and to lift the stay on the direct commitment.

K.S.'s counsel argued that no charges had been filed for driving without a license, and the remaining violations were technical in nature. Counsel also argued that K.S. was still amenable to probation, noting that community resources were available to K.S. and the probation officer could work with K.S. Counsel requested that the court order a sanction or allow a continuance so the court could review K.S.'s behavior while in custody. K.S. addressed the court and asked the court for mercy. In doing so, K.S. acknowledged his mistakes and asserted that he could do better. Finally, K.S.'s counsel asked the court to also consider modifying K.S.'s sentence to eighteen months.

The district court noted that at sentencing K.S. assured the court that he could successfully complete probation. The court reminded K.S. that it had given him nine months "to prove that you don't need to go to the youth center. You couldn't last four." The district court also emphasized that K.S.'s violations were concerning—particularly the violations related to his electronic monitoring. The court explained that it relied on the monitoring device to determine that K.S. did not pose a danger to the community because the device allowed the court to know K.S.'s whereabouts at all times. The court also stated that K.S. did not accidentally drive a car without a license. The court concluded K.S. was not amenable to probation and that he was a danger to the community given the nature of the charge and the inability to follow the terms of his probation. The court lifted the stay on the direct commitment of 36 months to a juvenile corrections facility and 24 months of aftercare.

K.S. filed a notice of appeal of his probation revocation.

ANALYSIS

Before considering K.S.'s claims, we must address whether we have jurisdiction to hear this appeal. The State argues that K.S. lacks statutory authority to appeal because no

3

statute allows an appeal from a probation revocation in a juvenile adjudication. K.S. has not responded to this newly asserted argument by the State.

*The existence of appellate jurisdiction may be raised for the first time on appeal.*

Whether appellate jurisdiction exists is a question of law, subject to unlimited appellate review. "A jurisdictional question may be raised at any time and may also be raised sua sponte by the appellate court." *State v. Garcia-Garcia*, 309 Kan. 801, 806, 441 P.3d 52 (2019).

*The right to appeal is statutory.*

The right to appeal is defined by statute and is not contained in the United States or Kansas Constitutions. *Clark*, 313 Kan. at 561. The Kansas Constitution states that the Kansas Supreme Court "shall have . . . such appellate jurisdiction as may be provided by law." Kan. Const. art. 3, § 3. Kansas appellate courts generally only have jurisdiction to entertain an appeal if the appeal is taken in the manner prescribed by statutes. 313 Kan. at 561; see also *In re J.P.*, 311 Kan. 685, 688, 466 P.3d 454 (2020). When the record discloses a lack of jurisdiction, the appellate court must dismiss the appeal. *In re I.A.*, 313 Kan. 803, 805-06, 491 P.3d 1241 (2021).

*The Revised Kansas Juvenile Justice Code does not authorize appeals from district court orders revoking probation.*

K.S. listed K.S.A. 38-2380 and K.S.A. 38-2382 of the Revised Kansas Juvenile Justice Code on his docketing statement as the statutory authority for this appeal. K.S. does not specify which of two possible provisions under K.S.A. 38-2380 upon which K.S. relies. So we will examine both.

"(a) *Order authorizing prosecution as an adult or extended jurisdiction juvenile prosecution.* (1) Unless the juvenile offender has consented to the order, a juvenile offender may take an appeal from an order authorizing prosecution as an adult. The appeal shall be taken only after conviction as an adult and in the same manner as criminal appeals, except that where the prosecution has resulted in a judgment of conviction upon a plea of guilty or nolo contendere, an appeal may be taken from the order authorizing prosecution pursuant to K.S.A. 38-2347, and amendments thereto, notwithstanding the provisions of subsection (a) of K.S.A. 22-3602, and amendments thereto.

. . . .

"(b) *Orders of adjudgment and sentencing.* The juvenile offender may appeal from an order of adjudication or sentencing, or both. The appeal shall be pursuant to K.S.A. 38-2382, and amendments thereto." K.S.A. 38-2380.

An order revoking probation is not addressed in either subsection. Subsection (a) applies only to orders authorizing prosecution as an adult. Subsection (b) applies only to orders of adjudication or sentencing.

The second statute upon which K.S. relies is K.S.A. 38-2382. Since this was the decision of a district judge and not a magistrate, only subsections (b) and (c) could apply. Subsection (b) simply notes that appeals from district judges shall be heard in the court of appeals, and subsection (c) outlines that the procedure on appeal is "governed by article 21 of chapter 60 of the Kansas Statutes Annotated." This would be a reference generally to appeals under the civil code of procedure, and more specifically K.S.A. 60-2103. It too, does not address probation revocations in particular or anything other than the procedure to file the appeal.

Yet, in extended jurisdiction juvenile prosecutions, juveniles have a clear statutory right to appeal when their juvenile *sentence* is revoked and an adult sentence is imposed. See K.S.A. 38-2347(e)(4). The Kansas Supreme Court held in *In re J.P.*, 311 Kan. at 689, 691, that the district court's order imposing an adult sentence following revocation of the juvenile sentence is a final judgment appealable by the juvenile. This right stems from

5

K.S.A. 38-2347(e)(4), which grants juveniles *in* extended jurisdiction juvenile prosecutions "'all other rights of a defendant pursuant to the Kansas code of criminal procedure,'" including the right to appeal under K.S.A. 22-3602(a). 311 Kan. at 689, 691-92.

Here, K.S. seeks to appeal his probation revocation, but the matter does not arise from an extended jurisdiction juvenile prosecution. Instead, this court found over ten years ago that nothing in the plain language of K.S.A. 2014 Supp. 38-2380(b) "authorizes appellate jurisdiction for appeals from probation revocations." *In re C.D.A.-C.*, 51 Kan. App. 2d 1007, 1011, 360 P.3d 443 (2015); see *In re D.M.-T.*, 292 Kan. 31, Syl. ¶ 4, 249 P.3d 418 (2011) (held that the Revised Kansas Juvenile Justice Code only permits a juvenile to appeal an order authorizing prosecution of the juvenile as an adult, an order of adjudication, or a sentencing order).

And lest one think this is unique to juvenile cases, this court has made similar findings in the case of municipal court appeals. When addressing appeals from municipal courts, K.S.A. 22-3609(a) provides that "[t]he defendant shall have the right to appeal to the district court of the county from any judgment of a municipal court *which adjudges the defendant guilty* of a violation of the ordinances of any municipality of Kansas or any findings of contempt." (Emphasis added.) In *City of Wichita v. Patterson*, 22 Kan. App. 2d 557, 558-59, 919 P.2d 1047 (1996), this court addressed whether a defendant was able to appeal the municipal court's order revoking his probation. We found that the language of the statute was clear and unambiguous. Under the plain language of the statute Patterson was unable to appeal his probation revocation because it was not a judgment that adjudicated Patterson as guilty. 22 Kan. App. 2d at 558-59. Our Supreme Court supported this interpretation by reference in *State v. Legero*, 278 Kan. 109, 113, 91 P.3d 1216 (2004) (finding that a magistrate judge's order revoking the defendant's probation was not a judgment that could be appealed to the district court within the meaning of K.S.A. 2003 Supp. 22-3609a).

On the other hand, statutory language that allows a defendant to appeal any *judgment* of the court does include postconviction matters like probation revocations. See K.S.A. 22-3602(a) ("[A]n appeal to the appellate court having jurisdiction of the appeal may be taken by the defendant as a matter of right from any judgment against the defendant in the district court and upon appeal any decision of the district court or intermediate order made in the progress of the case may be reviewed.") So the Legislature knows how to adopt a broad appeal statute or a limited appeal statute, and it has chosen a limited right to appeal in juvenile cases.

In sum, given that the right to appeal is entirely statutory, and because the Revised Kansas Juvenile Justice Code contains no provision allowing for the appeal from a probation revocation, we lack appellate jurisdiction to hear the case and have a duty to dismiss it. See *Board of Sedgwick County Comm'rs v. City of Park City*, 293 Kan. 107, 111, 260 P.3d 387 (2011) (finding that if the record shows that an appellate court does not have jurisdiction, it is the duty of the appellate court to dismiss the appeal).

Appeal dismissed for lack of jurisdiction.