(257 P.3d 821)
No. 105,017

In the Matter of H.N.

Opinion filed June 10, 2011.

*Catherine A. Zigtema*, of Maughan & Maughan, LC, of Wichita, for appellant.

*Matt J. Maloney*, assistant district attorney, *Nola Tedesco Foulston*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., PIERRON and ARNOLD-BURGER, JJ.

MALONE, J.: In *In re D.E.R.*, 290 Kan. 306, Syl. ¶ 1, 225 P.3d 1187 (2010), the Kansas Supreme Court held that in a proceeding under the Revised Kansas Juvenile Justice Code (KJJC), K.S.A. 2010 Supp. 38-2301 *et seq.*, a juvenile respondent does not have a statutory or constitutional right to an adversarial preliminary examination, such as the procedure described in K.S.A. 22-2902 for adult criminal defendants. The court also held that in a proceeding under the KJJC, a juvenile respondent possesses the constitutional

right to have a judicial determination of probable cause as a prerequisite to an extended restraint of liberty. However, the pretrial custody probable cause determination need not be accompanied by the full panoply of adversary safeguards. 290 Kan. 306, Syl. ¶ 2.

Since the opinion in *In re D.E.R.* was filed on March 19, 2010, the Kansas Legislature has taken no action to provide a statutory mechanism to satisfy a juvenile respondent's constitutional right to have a judicial determination of probable cause as a prerequisite to an extended restraint of liberty. Kansas district judges have been forced to address the issue of how to properly conduct "a judicial determination of probable cause" in proceedings under the KJJC, with the only guidance being that such a determination need not be accompanied by the full panoply of adversary safeguards.

In the case before us, H.N. was charged as a juvenile with acts that would have constituted one count of felony burglary and two counts of misdemeanor theft if they had been committed by an adult. H.N. was subjected to pretrial detention and he requested a probable cause determination through a preliminary hearing similar to the hearings required by the adult criminal code. The district court granted the motion for determination of probable cause, but denied the request for a full adversarial preliminary hearing. Instead, the district court conducted a hearing at which H.N. was present with counsel, and the district court determined probable cause based on a sworn affidavit submitted by the State. The district court also allowed H.N. to present evidence at the hearing on the issue of probable cause, but H.N. declined to present any evidence. For the reasons set forth herein, we conclude the procedure used by the district court satisfied H.N.'s constitutional right to a judicial determination of probable cause.

## FACTS

On February 26, 2010, the State charged 17-year-old H.N. with acts that, if committed by an adult, would have constituted one felony count of burglary of a motor vehicle and two counts of misdemeanor theft. The same day, the district court held a detention hearing, appointed counsel for H.N., and ordered that H.N. be

detained in a juvenile detention facility. H.N.'s trial was originally scheduled for March 17, 2010, but the trial was continued several times. Some of the continuances were at H.N.'s request.

On March 11, 2010, H.N. filed a motion for the district court to hold a preliminary hearing to establish probable cause that H.N. committed a felony. The motion argued that juvenile adjudications are sufficiently similar to adult criminal prosecutions such that juvenile respondents should be afforded a right to a preliminary examination. On May 12, 2010, H.N. filed a motion to dismiss for lack of probable cause or, in the alternative, for a probable cause determination. Citing *In re D.E.R.*, H.N. argued he had a constitutional right to a probable cause determination because his liberty was restricted.

The district court held a hearing on the motions on July 6, 2010. H.N. was present at the hearing with counsel. At the hearing, H.N. argued that a probable cause determination in a juvenile adjudication should be made in the manner in which a preliminary hearing is conducted in an adult criminal proceeding. The State argued that the right to a preliminary hearing in an adult criminal proceeding is a statutory right, and there is no similar statute in the KJJC. While agreeing that H.N. had a right to a probable cause finding, the State recommended that the finding be made based on a sworn affidavit. The district court overruled H.N.'s motion to dismiss and the motion to conduct a full adversarial preliminary hearing pursuant to the adult criminal code. The district court found that a full hearing was not required by statute and that it was the role of the legislature to create a mechanism for a juvenile preliminary hearing if it is required.

The district court then proceeded with the probable cause determination. The State offered as an exhibit a sworn probable cause affidavit. H.N. objected to the affidavit on several grounds, including the fact that the affidavit contained hearsay and it violated his right to confront witnesses under the Sixth Amendment to the United States Constitution. The district court overruled the objections, and the district court accepted and reviewed the affidavit. The affidavit was signed by Detective James Grayson of the Valley Center Police Department. According to the affidavit, the principal

of the Valley Center High School witnessed H.N. break into a vehicle in the high school parking lot and remove currency from the vehicle. The affidavit also stated that upon being interviewed and receiving his *Miranda* rights, H.N. admitted to committing the offenses and said he was sorry. After reviewing the affidavit, the district court asked H.N.'s attorney if H.N. wanted to present any evidence with regard to the probable cause determination. In fact, the judge stated, "I'm permitting you to present any evidence you want." H.N. declined to present any evidence at the hearing. At the conclusion of the hearing, the district court found there was probable cause to believe that H.N. committed the acts in question. Specifically, the district court ruled:

"Having heard the arguments of Counsel and permitted both sides to present any evidence, and any argument with regard to the issue of probable cause, I will find, based on this sworn to affidavit, that one, I do believe there's probable cause to believe the offenses of Burglary and two charges of Theft have been committed, and I will make the determination that there is probable cause to believe that . . . . [H.N.] is the individual who committed those offenses."

On July 30, 2010, the district court held a trial based on stipulated facts and found that H.N. had committed the charged acts. On August 19, 2010, the district court sentenced H.N. to 9 months' commitment in a juvenile correctional facility and 12 months' aftercare. H.N. timely appealed.

## ANALYSIS

On appeal, H.N. argues that the district court erred in denying his request for a full adversarial preliminary hearing similar to the hearings required by the adult criminal code. H.N. also argues that the district court erred by considering the affidavit of probable cause because it contained hearsay evidence and the use of the affidavit violated his constitutional rights to due process and confrontation. Finally, H.N. argues that dismissal of the charges is warranted because the district court failed to timely hold the probable cause hearing.

H.N.'s arguments involve interpretation of the KJJC, and interpretation of a statute is a question of law over which an appellate court has unlimited review. *State v. Arnett*, 290 Kan. 41, 47, 223

P.3d 780 (2010). Furthermore, the constitutionality of a statute is a question of law subject to unlimited review. *State v. Allen*, 283 Kan. 372, 374, 153 P.3d 488 (2007).

*Was H.N. entitled to receive a full adversarial probable cause hearing?*

H.N. first argues that he was entitled to receive a full adversarial hearing to determine probable cause to detain him. The State responds that a full adversarial hearing was not required under the constitution or any statute. Both arguments draw from the recent Kansas Supreme Court opinion in *In re D.E.R.* In that case, a juvenile was arrested and charged with three offenses, one of which would have constituted a felony had it been committed by an adult. After the charges were filed, the juvenile respondent requested a preliminary hearing under K.S.A. 22-2902 on the " 'felony charge,' " arguing that he was entitled to such a hearing under the reasoning of *In re L.M.*, 286 Kan. 460, 186 P.3d 164 (2008), which granted juvenile respondents the constitutional right to a jury trial in proceedings under the KJJC. The State agreed to participate in the preliminary hearing, but requested the reservation of the question for appeal. The juvenile respondent later pled no contest to amended charges, and the State filed an appeal on the question reserved. 290 Kan. at 307.

The Kansas Supreme Court began its analysis by examining K.S.A. 22-2902, the statute in the adult criminal code that provides for a preliminary examination. The court detailed the procedure mandated by the statute, including timing of a preliminary hearing, and whether the defendant has a right to be present. 290 Kan. at 309. Additionally, the court noted that although the KJJC describes the procedures to be followed after the filing of a juvenile complaint, it "does not provide for a judicial probable cause determination" after arrest or charging but before arraignment. 290 Kan. at 309. The court explicitly found that there was no KJJC provision for an adversarial preliminary examination as described in the adult criminal code. 290 Kan. at 310.

Regarding the language in the adult criminal code, our Supreme Court stated: "K.S.A. 22-2902(1) mandates that '[t]he state and

*every person charged with a felony* shall have a right to a preliminary examination before a magistrate, unless such charge has been issued as a result of an indictment by a grand jury.' " 290 Kan. at 308-09. The court recognized that although a juvenile certainly would fit within the parameters of "every person" in K.S.A. 22-2902, the court indicated that "every person charged with a felony" does not apply to juveniles because a juvenile is not actually charged with a felony. 290 Kan. at 310. Rather, a juvenile is charged with committing an offense " 'which if committed by an adult would constitute the commission of a felony.' K.S.A. 2009 Supp. 38-2302(n) (defining 'juvenile offender')." 290 Kan. at 310. Therefore, the court found that there was no statutory basis for ordering a preliminary examination in a juvenile proceeding. 290 Kan. at 310.

The court then addressed the juvenile respondent's constitutional arguments, noting that much of the confusion stemmed from a misreading of *In re L.M.* The court observed that although some had interpreted *In re L.M.* to stand for the proposition that juvenile adjudications must employ the same statutory procedures as adult criminal prosecutions, the court clarified that "[a]t most, *In re L.M.*'s equating of juvenile proceedings and criminal prosecutions would support the proposition that juveniles are entitled to all of the constitutional rights which adult criminal defendants possess, not that juvenile proceedings must look exactly the same as a criminal prosecution." 290 Kan. at 311. After further analysis, the court determined that a preliminary examination is not constitutionally required for an adult and therefore it cannot be constitutionally required for a juvenile. 290 Kan. at 311-13. Because there is no constitutional requirement of a preliminary hearing, the court determined it was the legislature's place to create a preliminary hearing under the KJJC, if such a mechanism is desired. 290 Kan. at 313.

Rather than ending its analysis there, the court cited with approval an 8th Circuit Court of Appeals opinion in *R.W.T. v. Dalton*, 712 F.2d 1225, 1231 (8th Cir. 1983), that stated, " 'The right not to be jailed for any substantial period of time without a neutral decision that there is probable cause is basic to a free society. Chil-

dren should enjoy this right no less than adults.' " 290 Kan. at 313-14. The court concluded that constitutional considerations would require a district court to make a finding of probable cause to justify pretrial detention of a juvenile respondent. 290 Kan. at 314. The court declined to address the question of what procedure should be utilized, as the juvenile respondent in that case was not in custody when he requested a preliminary hearing, nor was there evidence that he was required to post a bond. 290 Kan. at 314. While declining to detail satisfactory procedures for a judicial determination of probable cause for juvenile respondents detained prior to trial, the court stated that "the district court need not conduct a full-blown K.S.A. 22-2902 preliminary examination under any circumstances." 290 Kan. at 314.

H.N. argues that the probable cause determination required to justify pretrial detention of a juvenile must occur in the context of a full adversarial hearing. H.N. contends that because preliminary hearings were required to determine probable cause at common law, the means by which probable cause to detain a juvenile is determined must be similar to a preliminary hearing required by the adult criminal code. To support this argument, H.N. cites *In re P.R.G.*, 45 Kan. App. 2d 73, 244 P.3d 279 (2010). *In re P.R.G.* concerned two juveniles who were arrested under warrants over 1 year after each warrant was issued and over 2 years after the unlawful acts were committed. The juveniles filed motions to dismiss and argued to the district court that an arrest warrant must be executed without unreasonable delay and that the delay in their cases was unreasonable. The district court denied the motions to dismiss. 45 Kan. App. 2d at 75.

On appeal, this court found that under the common law an arrest warrant must be executed without unreasonable delay and the legislature never abolished the common-law rule by statute. Accordingly, the court held that the common-law rule that an arrest warrant must be executed without unreasonable delay is applicable to proceedings under the KJJC, even in the absence of a statutory provision. 45 Kan. App. 2d at 83. Relying on *In re P.R.G.*, H.N. argues that pursuant to the common law, a full adversarial preliminary hearing should be the required mechanism for a probable

cause determination in a juvenile adjudication, even in the absence of a specific statutory provision.

H.N. also cites *Gerstein v. Pugh*, 420 U.S. 103, 95 S. Ct. 854, 43 L. Ed. 2d 54 (1975), for his proposition that a full adversarial hearing to determine probable cause is required under the common law. In *Gerstein*, the United States Supreme Court examined whether an arrestee who is detained under an information is constitutionally entitled to a judicial determination of probable cause for pretrial restraint of liberty and, if so, whether an adversarial hearing is required by the United States Constitution. The Supreme Court stated that, at common law, shortly after arrest, a justice of the peace would examine the arrestee and witnesses to determine "whether there was reason to believe the prisoner had committed a crime." 420 U.S. at 115. Although H.N. quotes this language as support for his contention that an adversarial hearing is required to determine probable cause, the language does not actually speak of an adversarial process. In fact, the *Gerstein* Court expressly found that adversary safeguards are *not* essential for the probable cause determination required by the Fourth Amendment. See 420 U.S. at 119-20 (describing the "full panoply of adversary safeguards" as counsel, confrontation, cross-examination, and compulsory process for witnesses).

To bolster his contention that an adversarial hearing is necessary to determine probable cause, H.N. points to language in *Gerstein* that recognized the wide variety in state systems of criminal procedure for determining probable cause. However, in noting the disparity of procedure among the different states, the *Gerstein* Court stated there was no single preferred pretrial procedure for determining probable cause, and continued: "Whatever procedure a State may adopt, it must provide a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty, and this determination must be made by a judicial officer either before or promptly after arrest." 420 U.S. at 124-25.

H.N. also cites dicta in *In re D.E.R.* in which the Kansas Supreme Court noted a footnote in *Dalton* that "suggests an actual hearing is required" to determine probable cause. See *In re D.E.R.*, 290 Kan. at 314.While H.N. is correct that this language suggests

that a hearing is required, it does not necessarily follow that such a hearing must be a full adversarial hearing. H.N. ignores the fact that he did, in fact, receive a hearing in which the district court made a judicial determination of probable cause.

Here, the judicial determination that there was probable cause to detain H.N. was made by a district judge at a hearing, albeit not a full adversarial hearing. H.N. was present at the hearing with counsel. H.N. ignores the fact that the district court gave him an opportunity to present evidence at the hearing. The United States Supreme Court has expressly stated that adversary safeguards are not essential for the probable cause determination required by the Fourth Amendment. *Gerstein*, 420 U.S. at 120. Moreover, the Kansas Supreme Court has stated that "the pretrial custody probable cause determination [in a juvenile proceeding] need not be accompanied by the full panoply of adversary safeguards." *In re D.E.R.*, 290 Kan. 306, Syl. ¶ 2. Based on existing precedent, the district court did not err in declining to hold a full adversarial hearing to determine probable cause to detain H.N. prior to his trial.

In a separate section of his brief, H.N. argues that *In re D.E.R.* was wrongly decided because the Kansas Supreme Court failed to provide sufficient due process protections to juvenile offenders. However, this court is duty bound to follow Kansas Supreme Court precedent absent some indication that the court is departing from its earlier position. *State v. Merrills*, 37 Kan. App. 2d 81, 83, 149 P.3d 869, *rev. denied* 284 Kan. 949 (2007). There is no indication the Kansas Supreme Court is departing from its position on this issue.

## *Did the district court err by considering the affidavit?*

Next, H.N. argues that the district court erred by considering the affidavit of probable cause at the hearing. H.N. contends the district court considered the affidavit, which contained hearsay, without any statutory authority to do so. H.N. further argues that consideration of the affidavit violated his constitutional rights to due process and confrontation.

At the probable cause hearing on July 6, 2010, the State introduced as an exhibit an affidavit to show probable cause. Entitled

"Probable Cause Affidavit," the 2-page document contained the sworn statement of Detective Grayson who investigated the events that led to H.N.'s arrest. The affidavit contained statements allegedly made to Grayson by people he contacted during his investigation, including the principal of the Valley Center High School. H.N. argues, and the State concedes, that the affidavit constituted hearsay evidence.

H.N. points to K.S.A. 2010 Supp. 38-2354, which provides that "[i]n all hearings pursuant to the code, the rules of evidence of the code of civil procedure shall apply. The presiding judge shall not consider, read or rely upon any report not properly admitted according to the rules of evidence." Furthermore, pursuant to K.S.A. 2010 Supp. 60-460(b): "[E]vidence of a statement which is made other than by a witness while testifying at the hearing, offered to prove the truth of the matter stated, is hearsay evidence and inadmissible except: . . . [a]ffidavits, *to the extent admissible by the statutes of this state.*" (Emphasis added.)

H.N. asserts that under these statutes, an affidavit containing hearsay is not admissible in a hearing under the KJJC unless it is authorized by a specific statute. H.N. points out that there is no statutory provision that allows for hearsay contained within an affidavit to be admissible under the KJJC. Thus, H.N. argues that the affidavit was inadmissible hearsay and should not have been read, considered, or relied upon by the district court at his probable cause hearing.

The State responds by citing *State v. Cremer*, 8 Kan. App. 2d 699, 666 P.2d 1200 (1983), *aff'd* 234 Kan. 594 (1984), for the proposition that in preliminary hearings under the adult criminal code, the rules of evidence are relaxed and hearsay evidence is admissible to establish probable cause. *Cremer* was an appeal from a district court's denial of a motion to dismiss criminal charges due to insufficiency of the evidence at a preliminary hearing. The district court considered hearsay evidence at the preliminary hearing, finding that strict adherence to the rules of evidence was not required. On appeal, this court first determined that the challenged testimony was in fact inadmissible hearsay evidence. 8 Kan. App. 2d at 700-01. Nevertheless, this court observed that the rules of evidence

are typically relaxed at a preliminary hearing. 8 Kan. App. 2d at 701. This court held that so long as there is a substantial basis for crediting the hearsay, it may be relied upon and form the basis for a probable cause finding in a preliminary hearing. 8 Kan. App. 2d at 702.

The State's reliance on *Cremer* is misplaced. Although the Kansas Supreme Court affirmed this court's ultimate holding, it stated that "the Court of Appeals was in error in this case in holding that the court which conducted the preliminary hearing of the defendant was not required to apply the rules of evidence pertaining to hearsay evidence." *State v. Cremer*, 234 Kan. 594, 600, 676 P.2d 59 (1984). The court found that before adoption of the Kansas Code of Criminal Procedure in 1970, evidentiary rules were relaxed during a preliminary examination, a rule that was required because preliminary hearings were generally conducted by untrained justices of the peace who did not know or understand the rules of evidence. 234 Kan. at 598. But considering that judges who currently preside over preliminary hearings are qualified and well-trained in the law, including the rules of evidence, the court determined that the previous relaxation was no longer warranted. 234 Kan. at 599-600. Thus, the court held that "the rules of evidence contained in the Kansas Code of Civil Procedure [citation omitted] are to be applied in a preliminary examination conducted pursuant to K.S.A. 22-2902, except to the extent they may be relaxed by other court rules or statutes applicable to a specific situation." 234 Kan. at 599-600.

*Cremer* was concerned with the admissibility of hearsay evidence in a preliminary hearing held under K.S.A. 22-2902. The applicability of the court's holding to juvenile proceedings is, at best, questionable. In *In re D.E.R.*, our Supreme Court stated that juvenile proceedings need not look exactly the same as a criminal prosecution. 290 Kan. at 311. Further, "the district court need not conduct a full-blown K.S.A. 22-2902 preliminary examination under any circumstances." 290 Kan. at 314. Thus, because the legislature has not created statutory guidelines as to the procedure required for a probable cause determination in a juvenile adjudication, this court is left without clear guidance.

As detailed above, the constitutional requirements for a pretrial probable cause determination do not mandate the full panoply of adversarial safeguards. *Gerstein*, 420 U.S. at 119-20. Rather, the Fourth Amendment requires states to "provide a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty." 420 U.S. at 125. For guidance, we turn to other instances in which probable cause determinations are required.

"In determining whether probable cause exists to support a search warrant, the task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit, including the veracity and basis of knowledge of any person supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *State v. Hicks*, 282 Kan. 599, Syl. ¶ 1, 147 P.3d 1076 (2006).

This test is adopted from *Illinois v. Gates*, 426 U.S. 213, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983). See *State v. Abu-Isba*, 235 Kan. 851, 854, 685 P.2d 856 (1984). In adopting the test, our Supreme Court further held it applicable to arrest warrants as well, which are analogous to the instant case because they concern pre-trial detention and restraint of liberty. "Before a warrant for arrest or search may be issued, there must be a finding of probable cause by a neutral and detached magistrate. The complaint and supporting affidavits should supply the magistrate with sufficient factual information to support an independent judgment that probable cause to arrest exists." 235 Kan. 851, Syl. ¶ 1. Both *Abu-Isba* and *Hicks* contemplate a probable cause determination based on hearsay statements and require a judge making such a determination to consider the veracity and basis of knowledge of a person making hearsay statements.

As this court in *Cremer* stated:

"A preliminary examination, like the inquiry made by a magistrate before issuing an arrest or search warrant, is concerned with probabilities—not guilt. Hearsay statements in an affidavit may be relied upon in issuing a search or arrest warrant so long as the affidavit includes sufficient affirmative allegations of fact as to the affiant's personal knowledge to allow the magistrate to rationally reach an independent decision. *State v. Marks*, 231 Kan. 645, 647, 647 P.2d 1292 (1982). We conclude that a similar rule is still appropriate for preliminary examinations." 8 Kan. App. 2d at 702.

Although our Supreme Court disagreed with the allowance of hearsay statements based on the historic relaxation of evidentiary rules at preliminary hearings, stating that changes in the law and legal system no longer warranted such relaxation, it holds true that a probable cause determination is not a determination of guilt; it is a determination of probabilities. Therefore, in light of the Supreme Court's instruction in *In re D.E.R.* that juvenile proceedings need not mirror criminal prosecutions and the lack of legislative directive on the correct procedures and evidentiary rules for juvenile probable cause determinations, we conclude the district court did not err by considering the affidavit to determine probable cause, even though the affidavit contained hearsay.

H.N. also argues that the district court violated his constitutional rights to due process and confrontation of witnesses by considering the affidavit of probable cause. He relies on *State v. Yura*, 250 Kan. 198, 825 P.2d 523 (1992), for the proposition that affidavits admitted without sufficient indicia of reliability violate a defendant's due process and confrontation rights. However, *Yura* involved a probation revocation under the adult criminal code, not a pretrial probable cause determination. 250 Kan. at 199-200.

As we have already discussed, the *Gerstein* Court determined that adversary safeguards, including the right of confrontation and cross-examination of witnesses, are not essential for the type of probable cause determination required by the Fourth Amendment. 420 U.S. at 120. Also, the Kansas Supreme Court has held that "the federal Constitution does not require a state to establish a procedure for the preliminary examination of probable cause that affords the defendant the full panoply of constitutional rights which are applicable at a criminal defendant's trial." *State v. Leshay*, 289 Kan. 546, 553, 213 P.3d 1071 (2009). Further, "the pretrial custody probable cause determination [in a juvenile proceeding] need not be accompanied by the full panoply of adversary safeguards." *In re D.E.R.*, 290 Kan. 306, Syl. ¶ 2.

H.N. fails to explain how, in light of both the Kansas and United States Supreme Court's conclusions that probable cause determinations do not necessarily trigger the right to confrontation absent explicit state statutory requirements, he was entitled to such pro-

tections. H.N.'s reliance on *Yura* is misplaced. Therefore, we conclude the district court did not violate H.N.'s due process or confrontation rights by determining probable cause based on the affidavit.

*Did the district court fail to timely hold the probable cause hearing?*

Next, H.N. argues that dismissal of the charges is warranted because the district court failed to timely hold a probable cause hearing. H.N. devotes less than one page of his brief to this argument. We note that H.N. did not raise this specific argument in district court. Although H.N. filed a motion to dismiss the charges in district court for lack of a probable cause determination, H.N. never complained about the amount of time that elapsed in district court before the probable cause hearing was held. Generally, issues not raised before the district court cannot be raised on appeal. *State v. Warledo,* 286 Kan. 927, 938, 190 P.3d 937 (2008).

We will briefly consider this argument in the interest of justice. See *State v. Dukes,* 290 Kan. 485, 488, 231 P.3d 558 (2010) (consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights). As the State points out, the district court's delay in holding the probable cause hearing was partially the result of H.N.'s continuance requests. H.N. filed a motion for a preliminary hearing on March 11, 2010. H.N.'s trial was originally scheduled for March 17, 2010, but the trial was continued several times. Some of the continuances were at H.N.'s request. Had H.N.'s trial proceeded as originally scheduled, it would have begun 6 days after the motion for preliminary hearing was filed. Although the record is sketchy, the appearance docket reflects that all hearings were continued each time the trial was continued. Also, H.N. does not attempt to show prejudice caused by the district court's delay in holding the probable cause hearing. "The general rule is that an unlawful detention, absent a showing of specific prejudice to the defendant's right to a fair trial, is not sufficient to justify the dismissal of criminal charges." *State v. Cuchy,* 270 Kan. 763, Syl. ¶ 3, 19 P.3d 152 (2001).

We recognize that a probable cause determination in a juvenile proceeding should be made within a reasonable time of any pretrial detention. See *In re D.E.R.*, 290 Kan. 306, Syl. ¶ 2 (judicial determination of probable cause is a prerequisite to an extended restraint of liberty). Holding a probable cause hearing more than 90 days after a juvenile's pretrial detention is certainly not in keeping with the constitutional mandate to hold the hearing within a reasonable time. But based on the record, H.N. was partially the cause of the delay and he shows no prejudice as a result of the delay. Thus, H.N. has failed to establish that the charges in his case should be dismissed because of the delay in holding the probable cause hearing.

## CONCLUSION

In *In re D.E.R.*, the Kansas Supreme Court mandated that in proceedings under the KJJC, a juvenile respondent possesses the constitutional right to have a judicial determination of probable cause as a prerequisite to an extended restraint of liberty. 290 Kan. 306, Syl. ¶ 2. Here, the district court conducted a hearing to determine probable cause at which H.N. was present with counsel. The fact that the district court considered the affidavit at the probable cause hearing makes it all the more significant that the district court also provided H.N. the opportunity to present evidence on the issue of probable cause, including the opportunity to call Grayson and the high school principal as witnesses had H.N. chosen to do so. We conclude that the procedure afforded to H.N. by the district court "provide[d] a fair and reliable determination of probable cause" as a condition of his pretrial restraint of liberty. *Gerstein*, 420 U.S. at 125.

Although this opinion may help guide the district courts in conducting probable cause determinations in proceedings under the KJJC, many questions will remain unanswered until the legislature addresses this issue. The KJJC should be amended to provide a statutory mechanism for district courts to make a judicial determination of probable cause in cases involving pretrial detention of juveniles. The legislature should address when a probable cause hearing must be held, whether affidavits or other hearsay evidence

can be considered by the district court, and whether the district court must allow the juvenile respondent to present additional evidence at the hearing. We remind the Kansas Legislature that it has been over 1 year since *In re D.E.R.* was decided. The district courts of Kansas are awaiting legislative action to address this constitutional mandate.

Affirmed.