(347 P.3d 222)

No. 110,982

STATE OF KANSAS, *Appellant*, v. MARLON T. HARDY, *Appellee*.

Opinion filed March 27, 2015.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellant.

*Richard Ney*, of Ney & Adams, of Wichita, for appellee.

Before SCHROEDER, P.J., BUSER and ATCHESON, JJ.

ATCHESON, J.: By statute, Kansas extends immunity from criminal prosecution to persons acting in self-defense. K.S.A. 2014 Supp. 21-5231. The statute, however, fails to describe how district courts should go about deciding a request for that protection. The Kansas Supreme Court has held the State must establish probable cause to show that a defendant has not acted in lawful self-defense. *State v. Ultreras*, 296 Kan. 828, 845, 295 P.3d 1020 (2013). But the court expressly declined to outline the procedures for presenting or resolving immunity claims. This case requires us to fill that void. Drawing cues from *Ultreras*, we find a district court should conduct an evidentiary hearing procedurally comparable to a preliminary examination, so the rules of evidence apply and conflicting evidence should be resolved in favor of the State. Based on those standards, the Sedgwick County District Court erroneously granted self-defense immunity to Defendant Marlon T. Hardy. We, therefore, reverse and remand to the district court with di-

rections that the charge of aggravated battery against Hardy be reinstated for further proceedings.

## FACTUAL AND PROCEDURAL HISTORY

What we consider amounts to a matter of statutory interpretation and, thus, a question of law. *State v. Guder*, 293 Kan. 763, 765, 267 P.3d 751 (2012). Our review owes no particular deference to the district court's determination on how to handle Hardy's motion for self-defense immunity. *In re Care & Treatment of Quary*, 50 Kan. App. 2d 296, 301, 324 P.3d 331 (2014). And, given the issue, the factual circumstances out of which the criminal charges arose are largely irrelevant, save for some general context.

Hardy and another man stopped at a party to pick up a couple of female acquaintances. Some other partygoers came out and approached the convertible in which Hardy was riding. There are multiple versions of what happened. The gist seems to be that Javier Flores, the putative victim of the aggravated battery, approached the car and without provocation punched Hardy in the face several times. Hardy picked up a handgun from inside the car and fired a shot, striking Flores in the shoulder. Witnesses offered differing accounts as to whether Flores continued to threaten Hardy after punching him, whether Flores was being physically restrained when Hardy fired, and whether other partygoers menaced Hardy.

The State charged Hardy with aggravated battery, a severity level 4 person felony violation of K.S.A. 2014 Supp. 21-5413. After he was bound over for trial at a preliminary examination, Hardy filed a motion for self-defense immunity, as provided in K.S.A. 2014 Supp. 21-5231(a). The district court convened a hearing on the motion and wound up spending much of the time with the prosecutor and Hardy's lawyer trying to sort out what ought to be considered in deciding the request for immunity. The district court ultimately received and reviewed the transcript of the preliminary examination at which Flores and Yuliana Mejia testified, two police reports, transcripts of tape recorded police interviews with Hardy and with Mejia, and a few other documents. The district court heard no witnesses as part of the motion hearing, although neither

side asked to present live testimony. In short, the district court held a nonevidentiary hearing and considered a good deal of material that would have been inadmissible at the preliminary examination or at trial.

Two days later, the district court made a detailed bench ruling granting Hardy's motion for immunity and dismissing the complaint. Given the ruling, the district court obviously recognized factual conflicts relevant to self-defense as portrayed in the materials submitted at the hearing. The district court also plainly resolved at least some of those conflicts in deciding the motion and did so favorably to Hardy, although the ruling doesn't describe those determinations with any particularity. The State has appealed the dismissal of the complaint, as permitted by K.S.A. 2014 Supp. 22-3602(b)(1).

## LEGAL ANALYSIS

### Self-Defense Immunity in Light of Ultreras

Persons facing criminal charges for their use of force may assert a statutory immunity on grounds they acted lawfully. If warranted, the immunity would bar their arrest or prosecution. K.S.A. 2014 Supp. 21-5231. Enacted in 2010, the self-defense immunity statute provides:

"(a) A person who uses force which, subject to the provisions of K.S.A. 2014 Supp. 21-5226, and amendments thereto, is justified pursuant to K.S.A. 2014 Supp. 21-5222, 21-5223 or 21-5225, and amendments thereto, is immune from criminal prosecution and civil action for the use of such force, unless the person against whom force was used is a law enforcement officer who was acting in the performance of such officer's official duties and the officer identified the officer's self in accordance with any applicable law or the person using force knew or reasonably should have known that the person was a law enforcement officer. As used in this subsection, 'criminal prosecution' includes arrest, detention in custody and charging or prosecution of the defendant.

"(b) A law enforcement agency may use standard procedures for investigating the use of force as described in subsection (a), but the agency shall not arrest the person for using force unless it determines that there is probable cause for the arrest.

"(c) A prosecutor may commence a criminal prosecution upon a determination of probable cause." K.S.A. 2014 Supp. 21-5231.

We refer to the statutory shield as self-defense immunity, although it extends to lawful force used to protect another person, a dwelling, a place of business, and an occupied vehicle or to prevent the unlawful interference with other property. The statute substantively goes beyond establishing a defense to criminal charges and imposes immunity from arrest and prosecution. Despite the breadth of that protection, the statute conspicuously lacks any guidance as to how procedurally a claim for immunity should be handled in the district or appellate courts.

In *Ultreras*, the court held that the State bears the burden of establishing probable cause to believe a person's use of force to be unlawful or unjustified to defeat a claim for self-defense immunity. 296 Kan. at 845. The court drew the standard from the statutory language found in K.S.A. 2014 Supp. 21-5231(b) and (c) permitting arrest and prosecution to go forward based on "probable cause" determinations. 296 Kan. at 844-45. Accordingly, the State must negate a claim for self-defense immunity to establish "probable cause" that a crime had been committed and the defendant committed it. 296 Kan. at 844. The court, however, declined to offer any guidance on "the procedures by which the immunity defense should be presented to or resolved by the district court." 296 Kan. at 845.[1]

[1]Given the posture in which the issue came up on appeal in *Ultreras*, the court didn't have to formally address the procedural mechanics of deciding self-defense immunity claims. The district court erroneously required Ultreras to prove entitlement to self-defense immunity by a preponderance of evidence and, therefore, improperly denied his request. But the court found the error to be harmless because a jury later convicted Ultreras of aggravated battery, thereby rejecting his claim of self-defense. The jury necessarily concluded that the evidence didn't even create a reasonable doubt about Ultreras' guilt. See *State v. Johnson*, 258 Kan. 61, 66, 899 P.2d 1050 (1995). Accordingly, the motion for self-defense immunity would have failed under the correct probable-cause standard— a significantly less rigorous burden for the State than proof beyond a reasonable doubt. See *State v. Jones*, 298 Kan. 324, 334, 311 P.3d 1125 (2013).

In recognizing a probable cause evidentiary standard and allocating the burden of satisfying that standard to the State, the *Ultreras* decision effectively adopts the requirements imposed at a preliminary examination or hearing under K.S.A. 2014 Supp. 22-

2902. (The statute refers to the proceeding as a preliminary examination; but in common parlance, it is known as a preliminary hearing.). At a preliminary examination, the district court shall order the defendant to face trial on a charged felony "[i]f from the evidence . . . there is probable cause to believe that a felony has been committed by the defendant." K.S.A. 2014 Supp. 22-2902(3).

*Procedural Treatment of Motions for Self-Defense Immunity*

Following that lead, we see no reason the procedural structure of a preliminary examination shouldn't similarly be incorporated for handling self-defense immunity claims. Nothing in either the self-defense immunity statute or *Ultreras* shouts out to the contrary. As we suggest, the preliminary examination and a request for self-defense immunity typically ought to be decided in a single hearing with a single set of ground rules. The district court, therefore, should hold an evidentiary hearing on a claim for self-defense at which the rules of evidence apply. That is how preliminary examinations now operate. *State v. Cremer*, 234 Kan. 594, 599-600, 676 P.2d 59 (1984); see *In re H.N.*, 45 Kan. App. 2d 1059, 1069, 257 P.3d 821 (2011). So the State would be obligated to call witnesses and lay appropriate foundations for documentary evidence; it could not rely on inadmissible hearsay.[2]

[2]The parties, with the district court's permission, could stipulate to the use of otherwise inadmissible evidence, just as they may in other proceedings. See *Gannon v. State*, 298 Kan. 1107, 1125, 319 P.3d 1196 (2014) (discussing scope of stipulations to evidence).

Again, consistent with preliminary examinations, the district court should not resolve conflicts in the evidence and, rather, ought to construe the record in a light favoring the State. The district court's evaluation of evidence at a preliminary examination has been stated this way: "If there is conflicting testimony, the preliminary hearing judge must accept the version of the testimony which is most favorable to the State." *State v. Bell*, 268 Kan. 764, 764-65, 1 P.3d 325 (2000); see *State v. Whittington*, 260 Kan. 873, 877, 926 P.2d 237 (1996); *State v. Wilson*, 47 Kan. App. 2d 1, 6, 275 P.3d 51 (2008). The issue of self-defense immunity is inextricably bound up in guilt or innocence, and consistent with the strong

preference for jurors making fact determinations in criminal cases, the preliminary examination standard preserves that function. A district court would otherwise usurp that role in considering self-defense immunity. *Cf. State v. Brooks*, 297 Kan. 945, 951, 305 P.3d 634 (2013) (cautioning appellate judges against venturing credibility assessments as "invad[ing] the province of the jury").

Courts similarly assess claims for qualified immunity extended to government officials sued for damages in civil actions. If facts relevant to an official's claimed immunity are disputed, the issue must be deferred to trial. See *Tolan v. Cotton*, 572 U.S. ___, 134 S. Ct. 1861, 1865-66, 188 L. Ed. 2d 895 (2014); *Stoner v. Watlingten*, 735 F.3d 799, 805 (8th Cir. 2013). We don't mean to overwork any analogy between self-defense immunity and qualified immunity. They differ in both context and purpose. See *State v. Jones*, 298 Kan. 324, 332, 311 P.3d 1125 (2013) (noting qualified immunity should be raised early in a civil case, as should self-defense immunity in a criminal case, but specifically declining to endorse a sweeping analogy of the two).

In ruling on other pretrial motions in criminal cases, district courts do weigh evidence and make credibility findings. The most common, perhaps, are defense motions to suppress evidence. See, *e.g., State v. Martinez*, No. 107,995, 2013 WL 5925903, at *4 (Kan. App. 2013) (unpublished opinion); *State v. Cheatham*, No. 106,413, 2012 WL 4678522, at *3 (Kan. App. 2012) (unpublished opinion), *rev. denied* 297 Kan. 1249 (2013); *State v. Reichard*, No. 102,890, 2011 WL 588494, at *2 (Kan. App. 2011) (unpublished opinion). But motions of that sort deal with issues only indirectly bearing on guilt or innocence, and jurors will not be called upon to decide those issues at trial. *State v. White*, No. 109,953, 2014 WL 5312873, at *11 (Kan. App. 2014) (unpublished opinion) (Atcheson, J., concurring). When it comes to self-defense immunity, the procedures for handling a motion to suppress, then, offer a model less apt than those for a preliminary examination.

Because self-defense immunity affords a shield against prosecution and the attendant burdens and personal upheaval often associated with participation in the criminal justice process, especially as a defendant facing serious charges, a claim for the

protection typically ought to be asserted early in that process. See *State v. Jones*, 298 Kan. at 334 (defendant must assert statutory self-defense immunity before trial). After a prosecutor has filed charges, a defendant presumably would counter with a motion in the criminal case raising self-defense immunity. The defendant also should be afforded a preliminary examination within 14 days after arrest or an appearance in a felony case unless the hearing is continued for cause. K.S.A. 2014 Supp. 22-2902(2). A hearing on self-defense immunity at that point would provide a prompt determination of the issue consistent with heading off an unwarranted prosecution. As the *Ultreras* court pointed out, and we have noted, when a defendant seeks self-defense immunity, the State effectively must refute that claim as part of its burden in establishing probable cause to hold the defendant to answer a felony charge. So considerations of timing and common burdens of proof unite motions for self-defense immunity and preliminary examinations.

District courts, therefore, ought to facilitate hearings combining preliminary examinations with claims for self-defense immunity. The Kansas Code of Criminal Procedure permits that sort of judicial efficiency. In light of *State v. Seabury*, 267 Kan. 431, 434-35, 985 P.2d 1162 (1999), a motion for self-defense immunity should be treated as an objection to prosecution, *i.e.*, a challenge to the institution of criminal proceedings against the defendant, governed by K.S.A. 2014 Supp. 22-3208(5). As provided in that statute, a motion objecting to prosecution simply must be determined before trial, consistent with *Jones'* requirement for self-defense immunity claims. Accordingly, a district court has the flexibility to set reasonable, case-specific deadlines for filing motions objecting to prosecution generally or motions for self-defense immunity specifically. See K.S.A. 22-3217 (authorizing district court to hold pretrial conferences as may be necessary to "promote a fair and expeditious trial"); *State v. Crume*, 271 Kan. 87, 99-100, 22 P.3d 1057 (2001) (consistent with K.S.A. 22-3217, district courts have "broad authority . . . to consider various matters as may aid in the disposition of the action," including motion practice); see *State v. Bloom*, 273 Kan. 291, 300, 44 P.3d 305 (2002) (acknowl-

edging district court's use of pretrial conference to set schedule for motions).

We, therefore, conclude that by order or local rule, district courts may require that a defendant assert any request for self-defense immunity so that it may be decided in conjunction with a preliminary examination at a single evidentiary hearing. Apart from simple efficiency, that sort of case management prevents a defendant from going to preliminary hearing and then deploying a motion for self-defense immunity principally as a tactical device to secure a second opportunity to examine at least some of the State's witnesses under oath before trial. Those defendants waiving preliminary examination or charged with misdemeanors would be free to file motions for self-defense immunity anytime before trial, consistent with K.S.A. 2014 Supp. 22-3208, *Jones*, and case-specific orders. In this case, the district court imposed no such limitation on Hardy, so he may pursue his motion for self-defense immunity on remand.[3]

▮he language of K.S.A. 2014 Supp. 21-5231(a) extends self-defense immunity as a bar to arrest and charging in addition to halting the continued prosecution of a criminal case already on file. Someone facing possible prosecution arising from an incident involving his or her use of force presumably, then, could seek a court ruling on immunity before any charges had been filed. The facts here don't implicate that scenario. We venture no speculative suggestion on the proper procedure for invoking self-defense immunity in that abstract (and we think remote) circumstance.

Kansas self-defense law includes a rebuttable presumption that a person should be deemed to believe the use of deadly force to be reasonably necessary and, thus, lawful in specific enumerated circumstances. K.S.A. 2014 Supp. 21-5224(a). Among other situations, the presumption comes into play if a person uses deadly force against someone who is unlawfully or forcefully entering an occupied vehicle or has done so. Here, Flores did not try to get into the convertible, as someone attempting a carjacking might. Rather, he simply reached in to punch Hardy. The presumption, therefore, appears to be factually inapposite in this case under any version of the events. More broadly, in deciding a motion for self-defense immunity, a district court should not consider the pre-

sumptions in K.S.A. 2014 Supp. 21-5224(a) if, on *some* version of the facts, they would be inapplicable. To do otherwise would construe disputed evidence against the State, contrary to our interpretation of K.S.A. 2014 Supp. 21-5231 in light of *Ultreras*.

To sum up, a district court must conduct an evidentiary hearing on a motion for self-defense immunity, unless the parties otherwise stipulate to the factual record. The rules of evidence apply. At the hearing, the State has the burden to establish probable cause that the defendant acted without legal justification in using force. The district court must view the evidence in a light favoring the State, meaning conflicts in the evidence must be resolved to the State's benefit and against a finding of immunity. Whenever possible, a district court should combine the hearing on the motion with a defendant's preliminary examination.

### *District Court Misread* Ultreras *Tea Leaves*

In attempting to tease some direction on procedure from *Ultreras*, the district court here placed undue emphasis on language the decision drew from *Rodgers v. Com.*, 285 S.W.3d 740, 754-55 (Ky. 2009). See *Ultreras*, 296 Kan. at 841. In *Ultreras*, the court opted for a probable cause standard in resolving claims for self-defense immunity and cited the Kentucky Supreme Court's opinion in *Rodgers* as supporting authority, while distinguishing Colorado authority construing a significantly narrower statutory immunity and Florida authority construing a statute containing no language allowing prosecution to commence upon probable cause as provided in K.S.A. 2014 Supp. 21-5231(c). 296 Kan. at 842-43. The Colorado and Florida courts recognized standards requiring defendants to prove entitlement to statutory self-defense immunity in pretrial hearings by a preponderance of the evidence. *People v. Guenther*, 740 P.2d 971, 980 (Colo. 1987); *Dennis v. State*, 51 So. 3d 456, 459-60 (Fla. 2010).

The district court may have focused on two passages from *Rodgers* quoted in *Ultreras* when it decided to permit the State to rely on police reports, witness interviews, and other hearsay. First, the *Rodgers* court noted probable cause tends to be " 'a fluid concept' " derived from " 'the totality of the circumstances,' " as when a judge

considers whether to issue a search warrant. *Ultreras*, 296 Kan. at 841 (quoting *Rodgers*, 285 So. 3d at 754-55). We take the Kansas Supreme Court's reference to be focused on the totality-of-the-circumstances review in considering probable cause and not to suggest probable cause related to self-defense immunity be established using a process like that for issuing a search warrant. A government agent—typically a law enforcement officer or a prosecutor—presents a warrant application to a judge *ex parte.* The application commonly may include hearsay and other information that would be inadmissible under the rules of evidence. We doubt *Ultreras* meant to signal that a request for self-defense immunity could be resolved either on an *ex parte* basis or with inadmissible evidence. Moreover, a defendant may challenge the sufficiency of a search warrant in an adversarial, evidentiary hearing to suppress anything seized. There would be no comparable judicial determination of a request for self-defense immunity if the motion could be resolved in a nonevidentiary hearing using otherwise inadmissible evidence.

In *Ultreras*, the court also drew on a passage from *Rodgers* to the effect that once a defendant asserts self-defense immunity, "the State has the burden to establish probable cause 'and it may do so by directing the court's attention to the evidence of record including witness statements, investigative letters prepared by law enforcement officers, photographs and other documents of record.' " 296 Kan. at 841 (quoting *Rodgers*, 285 S.W.3d at 755). Again, we presume the court meant to emphasize the burden placed on the State measured by the record evidence and not the particular materials to be considered. The *Rodgers* court held that a defendant's claim for self-defense immunity should be resolved at the Kentucky version of a preliminary hearing. 285 S.W.3d at 755. But that preliminary hearing serves a purpose different from the preliminary examination provided in K.S.A. 2014 Supp. 22-2902 and is subject to considerably more relaxed rules.

In Kentucky, a district court judge, roughly equivalent to a Kansas magistrate, conducts the preliminary hearing to determine if there is probable cause to refer a felony charge to a grand jury for indictment and then trial in the circuit court. Abramson, 8 Ken-

tucky Practice, Criminal Practice and Procedure §§ 8:1, 8:14 (5th ed. 2010). The district court judge may also set bail at the preliminary hearing. So the Kentucky preliminary hearing functions much as an initial appearance in Kansas. Unlike a preliminary examination in Kansas, the hearing does not replace a grand jury indictment as the principal mechanism for establishing probable cause to proceed with felony charges. Accordingly, the Kentucky Rules of Evidence do not apply in that state's preliminary hearing, so hearsay and other evidence that would be inadmissible at trial may be considered. Ky. R. Cr. 3.14(2) (2015); Ky. K.R.E. 1101(d)(5) (2015); see 8 Kentucky Practice, Criminal Practice and Procedure § 8:13. Kentucky prosecutors routinely establish probable cause at preliminary hearings simply by having the criminal investigator handling a given case recount what others have told him or her during the investigation. 8 Kentucky Practice, Criminal Practice and Procedure § 8:13.

Given the marked differences in criminal procedure between Kentucky and Kansas, we cannot conclude *Ultreras'* reliance on *Rodgers* meant to endorse a new type of hearing—otherwise unrecognized in the Kansas Code of Criminal Procedure—equivalent to the Kentucky preliminary hearing for resolving motions for self-defense immunity. Nor do we conclude *Ultreras* allows district courts to dispense with the rules of evidence in hearing those motions.

Finally, in this case, the district court suggested that unless it had the latitude to make credibility determinations and otherwise resolve conflicts in the evidence, a hearing on a motion for self-defense immunity would be of little significance, especially if a defendant had already been bound over at a preliminary examination, as was true for Hardy. In *Ultreras*, the court explained why that wasn't so. 296 Kan. at 844. In at least some cases involving the use of force, the State could make an evidentiary showing of probable cause without addressing possible self-defense. A motion for self-defense immunity necessarily requires the State to deal directly with the issue. See 296 Kan. at 844.

Having considered *Ultreras* and the purpose of statutory self-defense immunity, we reverse the district court's dismissal of the

complaint based on Defendant Hardy's motion. We remand with directions that the complaint be reinstated and the district court hold a hearing on self-defense immunity in conformity with this opinion and conduct any additional proceedings in this case as may be required.