NOT DESIGNATED FOR PUBLICATION

No. 114,154

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of:
MATTHEW SCOTT LYNN,
*Appellant*,

and

ASHLEY NICOLE LYNN,
*Appellee*.

MEMORANDUM OPINION

Appeal from Crawford District Court; KURTIS I. LOY, judge. Opinion filed July 15, 2016. Affirmed.

*Razmi M. Tahirkheli*, of Tahirkheli Law Office, L.L.C., of Guymon, Oklahoma, for appellant.

*John G. Mazurek*, of The Mazurek Law Office, LLC, of Pittsburg, for appellee.

Before GREEN, P.J., MCANANY and ATCHESON, JJ.

*Per Curiam*: Less than a year after their divorce, Matthew Scott Lynn and Ashley Nicole Lynn concluded the shared placement of their son and daughter wasn't working, so each asked the Crawford County District Court for primary residency of the children. The district court held an evidentiary hearing and granted primary placement to Ashley. Matthew has appealed. Changes in the placement of children in conjunction with a divorce fall within the district court's broad discretion. We find no abuse of that decision-making authority and affirm the district court. We also take up and deny Ashley's motion that Matthew pay her attorney fees for responding to his unsuccessful appeal.

1

During the hearing, the district court received testimony from 17 witnesses and documentary evidence on the appropriate placement for the children, who were then about 6 and 7 years old. Following the divorce, the children spent 5 days with one parent and 2 days with the other on a rotating weekly basis. Ashley and Matthew agreed that the children found the schedule disruptive and disconcerting. But they seemed to agree on little else.

Much of the evidence at the hearing dealt with the purported shortcomings of Ashley and Matthew as parents—each of them apparently hoping to convince the district court the other was less suited for primary placement of the children. We have carefully reviewed the record and see no point in cataloguing the evidence here. There was evidence both Ashley and Matthew abused alcohol from time to time but had taken steps to do better. Each frequently spoke disparagingly of the other after the divorce. Ashley may not have supervised the children as closely as might have been prudent on occasion. Matthew displayed repeated instances of imprudent judgment and poor emotional control. For example, he forced his way into Ashley's home and physically confronted a man he believed to be having an intimate relationship with Ashley. Based on the evidence, the district court also concluded Matthew had vandalized Ashley's car. Matthew presented evidence that he worked to curtail his angry, impulsive behavior.

The district court ultimately concluded that "[w]hile both parents show immaturity, [Matthew] spontaneously reacts not only immaturely, but violently." The district court found Matthew's continuing "alcohol and anger control issues" to be of far greater concern than Ashley's occasional "lack of maturity or judgment." As a result, the district court modified the parenting plan to give Ashley primary residential placement of the children with Matthew having visitation each Wednesday evening and 2 weekends a month with additional accommodations for holidays. Matthew has appealed the district court's ruling.

2

As provided in K.S.A. 2015 Supp. 23-3201, a district court must decide custody and placement issues in a divorce to foster the best interests of the children. See *In re Marriage of Rayman*, 273 Kan. 996, 999, 47 P.3d 413 (2002) (In deciding custody issues between parents, "'the paramount consideration of the court is the welfare and best interests of the child.'"). Those decisions are entrusted to the sound discretion of the district court. 273 Kan. at 999. Accordingly, appellate courts review determinations of child custody and placement for abuse of that discretion. *In re Marriage of Nelson*, 34 Kan. App. 2d 879, 883, 125 P.3d 1081, *rev. denied* 281 Kan. 1378 (2006). A district court abuses that discretion if it rules in a way no reasonable judicial officer would under the circumstances, if it ignores controlling facts or relies on unproven factual representations, or if it acts outside the legal framework appropriate to the issue. See *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106, *cert. denied* 134 S. Ct. 162 (2013); *State v. Ward*, 292 Kan. 541, Syl. ¶ 3, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). We do not reweigh evidence or make independent credibility determinations in assessing the district court's ruling. *In re Marriage of Vandenberg*, 43 Kan. App. 2d 697, 705, 229 P.3d 1187 (2010).

For his first point on appeal, Matthew contends the district court's factual determinations are insufficiently supported in the evidence. If that were so, a ruling dependent upon those insufficient findings likely would amount to an abuse of discretion. When a district court sitting without a jury finds the facts, we review those findings to see if they are supported by substantial competent evidence. In turn, we examine whether the supported factual findings warrant the district court's legal conclusion. *In re Marriage of Skoczek*, 51 Kan. App. 2d 606, 607-08, 351 P.3d 1287 (2015).

To back up his argument, Matthew says there was insufficient evidence that he vandalized Ashley's car. Although Matthew consistently denied doing so, witnesses presented contrary evidence, showing him to be near the car around the time it was

damaged. In an affidavit admitted as evidence, Matthew's former girlfriend said he scratched the car with a rock. The district court made a credibility determination discounting Matthew's version and crediting the countervailing evidence. After citing the former girlfriend's affidavit, the district court's memorandum and order incorrectly makes a reference to Matthew's rebuttal affidavit as support for that conclusion. This appears to be a scrivener's error, and we treat it that way. The district court also refers to the witness testimony from the hearing as supporting the conclusion that Matthew damaged the car. Substantial record evidence supports the district court's finding as to who damaged Ashley's car.

Matthew also takes issue with the district court's finding that he "barged" in at Ashley's workplace and made a "scene" there. He similarly disputes the finding that he made a scene at the workplace of the wife of the man who was with Ashley when he forced his way into her home. Matthew, however, concedes he appeared uninvited at both workplaces. There is no evidence to suggest he showed up at either place for some legitimate business purpose. Whether he barged in or made a scene amounts to a general characterization of his conduct in those instances. We are not prepared to say those descriptions lacked support in the record. The point seems to be more a matter of quibbling over phraseology than a substantive dispute about what happened.

Just as importantly here, however, even if we were to discount the particular determinations Matthew has challenged, the remaining evidence and factual findings are more than sufficient to uphold the district court's legal conclusion to place the children primarily in Ashley's care. The memorandum and order makes clear that the district court did not consider the best interests of the children to be a close call in this case and their placement with Ashley was easily the preferable option. We, therefore, find the evidence Matthew does not contest on appeal amply supported the district court's ruling. And we see no deviation from the appropriate legal framework. Given the circumstances, we also

4

readily conclude other district courts would have reached the same conclusion based on the uncontested evidence. Matthew has not shown an abuse of discretion.

For his second point, Matthew argues the district court improperly considered an affidavit from his former girlfriend that Ashley filed after the hearing. The woman testified at the hearing while she was still in a relationship with Matthew. The affidavit specifically challenges and contradicts some of Matthew's hearing testimony. Ashley submitted it in support of a motion to reopen the record to allow the district court to hear additional testimony from the woman.

The lawyer representing Matthew in the district court (who is not handling his appeal) filed a written response to the motion and submitted a counter affidavit from Matthew. In the response, Matthew's lawyer argued reconvening the hearing would both delay the matter and run counter to the children's interest in having a firm resolution. He suggested simply that "the Court has the [a]ffidavits and may consider that testimony as well." The lawyer representing Ashley informed the district court that considering both affidavits would be an acceptable alternative to reconvening the hearing. The district court acted on that agreement and considered both affidavits in reaching its ruling.

On appeal, Matthew now complains the affidavits constitute inadmissible hearsay, so the district court should not have relied on them. Affidavits are generally treated as inadmissible hearsay at trial and in most evidentiary hearings, since the declarants cannot be cross-examined and the factfinder cannot gauge their demeanor. See *State v. Paulson*, No. 108,795, 2015 WL 6444314, at \*16 (Kan. App. 2015) (unpublished opinion), *rev. denied* ___ Kan. ___ (April 21, 2016) (unreliability of hearsay due to absence of declarant); *State v. Holder*, No. 106,479, 2013 WL 310341, at \* 5 (Kan. App.) (unpublished opinion), *rev. denied* ___ Kan. ___ (August 19, 2013) (inadmissibility of affidavit at trial). But that gets Matthew precisely nowhere.

5

First, the parties may agree to the admission of otherwise inadmissible evidence. See *State v. Hardy*, 51 Kan. App. 2d 296, 300 n.2, 347 P.3d 222 (2015), *rev. granted* ___ Kan. ___ (April 21, 2016). Here, that's what happened after Ashley filed her motion to reconvene the hearing. So the district court properly considered the affidavits. Moreover, Matthew cannot complain on appeal because the district court did exactly what he asked—consider the affidavits rather than reopen the hearing to receive live testimony. *State v. Schreiner*, 46 Kan. App. 2d 778, 788, 264 P.3d 1033 (2011) (party may not invite an error in district court and complain of the error in appellate court), *rev. denied* 296 Kan. 1135 (2013). In short, Matthew's point fails.

We find neither abuse of discretion nor any other error in the district court's decision granting primary placement of the children to Ashley and affirm that ruling.

After oral argument in this court, Ashley timely filed a motion asking that the panel order Matthew to pay her attorney fees for this appeal. In the motion, Ashley relies on Supreme Court Rule 7.07(b) (2015 Kan. Ct. R. Annot. 72), permitting an award of attorney fees on appeal when the district court has the authority to award attorney fees. In turn, she cites K.S.A. 2015 Supp. 23-2715, allowing a district court to grant attorney fees in a divorce proceeding "as justice and equity require." Essentially, the district court can assess some or all of one party's litigation expenses in a divorce, including attorney fees, to the other party to fairly adjust the financial obligations and distribution of assets necessitated by the dissolution of the marriage. We, in turn, have the same authority. In her motion, Ashley has not shown that shifting her attorney fees to Matthew is necessary to accomplish financial equity. Both parties seem to be of limited economic means. We, therefore, deny Ashley's motion.

The judgment of the district court is affirmed.