IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 112,000

STATE OF KANSAS,
*Appellant*,

v.

DUSTIN ALEX EVANS,
*Appellee.*

SYLLABUS BY THE COURT

Applying the analysis adopted in *State v. Hardy*, 305 Kan. ___, ___ P.3d ___ (No. 110,982, this day decided), it is held that the district court properly granted Evans statutory immunity pursuant to K.S.A. 2016 Supp. 21-5231.

Review of the judgment of the Court of Appeals in 51 Kan. App. 2d 1043, 360 P.3d 1086 (2015). Appeal from Johnson District Court; THOMAS KELLY RYAN, judge. Opinion filed March 10, 2017. Judgment of the Court of Appeals reversing the district court is reversed. Judgment of the district court is affirmed.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellant.

*Thomas J. Bath, Jr.*, and *Tricia A. Bath,* of Bath & Edmonds, P.A., of Overland Park, were on the brief for appellee.

The opinion of the court was delivered by

STEGALL, J.: After a night of drinking, Dustin Alex Evans and his neighbor, Jose Luis Pena, Jr., were conversing alone in Evans' garage when they agreed to compete in some "mixed martial arts" or "jiu jitsu style" wrestling. They decided to "grapple" for fun

1

until one of them "tap[ped] out." After Evans pulled a wrestling mat out onto his driveway, the two began a friendly wrestling match. The match eventually soured, although Evans and Pena disagree about the cause. Evans claimed that Pena put his hand over Evans' mouth and tried to suffocate him, but Pena said Evans got upset for no reason. After Evans broke free from Pena's grasp, he got up and went into his garage, claiming that Pena tried to kill him. The parties dispute whether Pena followed Evans into the garage and whether Pena threatened to kill Evans.

Once inside his garage, Evans grabbed a katana-style sword and stabbed Pena in the abdomen. Evans asserted that Pena advanced on him in the garage, threatening to kill Evans. Pena claimed that he never entered Evans' garage, but crime scene photographs showed an apparent blood trail beginning inside the garage and extending through the garage onto the driveway, front porch steps, and across the street. Pena also claimed that he used his arms to deflect Evans' first two attempts to stab him. According to Pena, Evans stabbed his forearm before he deflected another strike with his arms, and then he felt a strike to his chest. The parties later stipulated that the operating surgeon observed no injuries to Pena's arms and that his medical records did not reflect such injuries. Evans called 911 to report the stabbing. When law enforcement arrived at the scene, Evans told them that he had stabbed Pena in self-defense.

The State charged Evans with aggravated battery. After the preliminary hearing, Evans moved for a grant of immunity pursuant to K.S.A. 2016 Supp. 21-5231. The district court gave the parties the option of conducting an evidentiary hearing and/or submitting exhibits for the court's consideration, and both the State and Evans submitted numerous stipulated exhibits; only Evans presented testimony at a hearing. One of the law enforcement officers Evans called to testify stated that when he interviewed Pena at the hospital, Pena said he had followed Evans into the garage. But when the officer met

2

with Pena on the day of the preliminary hearing, Pena claimed for the first time that he never entered the garage that night and that Evans had struck him three times, injuring his arm.

The district court weighed the evidence and found that Pena's testimony—which changed multiple times and did not comport with the blood trail evidence—was not credible. Thus it granted Evans immunity and dismissed the charges.

The State appealed. Applying the approach adopted in *State v. Hardy*, 51 Kan. App. 2d 296, 347 P.3d 222 (2015), *rev'd* 305 Kan. ___, ___ P.3d ___ (No. 110,982, this day decided), a majority of a Court of Appeals' panel reversed the district court's decision and reinstated the complaint. *State v. Evans*, 51 Kan. App. 2d 1043, 1054, 360 P.3d 1086 (2015). The majority held that "the district court must view the evidence in a light favoring the State, meaning conflicts in the evidence must be resolved to the State's benefit and against a finding of immunity." 51 Kan. App. 2d 1043, Syl. ¶ 4. Under this standard, the majority concluded that "if the judge had viewed the evidence in a light favoring the State, it was sufficient to find probable cause to rebut Evans' claim of immunity and submit the case to a jury." 51 Kan. App. 2d at 1053-54. We granted Evans' petition for review.

Our decision in *State v. Hardy*, 305 Kan. ___, ___ P.3d ___ (No. 110,982, this day decided), controls our decision in Evans' case. In *Hardy* we held:

> "1. Upon a motion for immunity pursuant to K.S.A. 2016 Supp. 21-5231, the district court must consider the totality of the circumstances, weigh the evidence before it without deference to the State, and determine whether the State has carried its burden to establish probable cause that the defendant's use of force was not statutorily justified.

3

"2. The court's determination of probable cause must be premised on stipulated facts or evidence, on evidence received at a hearing pursuant to the rules of evidence, or both." Slip op. Syl. ¶¶ 1, 2.

This is exactly what occurred in the district court here. Indeed, the reviewing Court of Appeals' panel acknowledged:

"Whether the district court erred in granting immunity to Evans turns on whether the district court was required to view the conflicting evidence in a light favoring the State.

. . . .

"If the district court was not required to view the evidence in a light favoring the State, the judge could have found in favor of either Evans or the State and there was sufficient evidence that would have supported either finding. But if the judge had viewed the evidence in a light favoring the State, it was sufficient to find probable cause to rebut Evans' claim of immunity and submit the case to a jury." *Evans*, 51 Kan. App. 2d at 1051-54.

The Court of Appeals held the district court was required to view the evidence in a light favoring the State and, therefore, the grant of immunity was error as a matter of law. *Evans*, 51 Kan. App. 2d at 1054 (citing *Hardy*, 51 Kan. App. 2d at 304). Because we have now enunciated a different rule of law, we are obliged to reverse the Court of Appeals. The district court followed the correct procedure.

We next turn to the merits of the district court's ruling. In so doing, we apply a bifurcated standard of review to a district court's determination of probable cause pursuant to K.S.A. 2016 Supp. 21-5231. We review any fact finding by the district court for substantial competent evidence without reweighing the evidence, and we exercise

4

unlimited review over the ultimate legal conclusion drawn from those facts. *Hardy*, slip op. Syl. ¶ 5. While we have reversed the Court of Appeals' holding, we agree with the panel's evaluation of the evidence presented below. Our review of the record indicates, as noted by the Court of Appeals, substantial competent evidence to support the district court's factual findings. See *Evans*, 51 Kan. App. 2d at 1053. Given these facts, the district court's determination—that the State failed to demonstrate probable cause that Evans' use of force was not statutorily justified—was not error as a matter of law. Thus, the district court correctly granted Evans statutory immunity pursuant to K.S.A. 2016 Supp. 21-5231.

The decision of the Court of Appeals is reversed, and the decision of the district court granting immunity and dismissing the case against Evans is affirmed.

JOHNSON, J., not participating.

JOHN L. WEINGART, District Judge, assigned.[1]

---

[1]**REPORTER'S NOTE:** District Judge Weingart was appointed to hear case No. 112,000 vice Justice Johnson under the authority vested in the Supreme Court by art. 3, § 6(f) of the Kansas Constitution.