NOT DESIGNATED FOR PUBLICATION

No. 127,347

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JETT LITTLE,
*Appellee*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellant*,

MEMORANDUM OPINION

Appeal from Meade District Court; SIDNEY R. THOMAS, judge. Submitted without oral argument. Opinion filed February 14, 2025. Reversed and remanded with directions.

*Ashley R. Iverson*, of Legal Services Bureau, Kansas Department of Revenue, for appellant.

*Aaron Kite*, of Kite Law Firm LLC, of Dodge City, for appellee.

Before ARNOLD-BURGER, P.J., BRUNS and PICKERING, JJ.

PER CURIAM:  In this judicial review action, the Kansas Department of Revenue (KDOR) appeals the district court's grant of summary judgment in favor of Jett Little. Little initiated this action after the KDOR sent him notice that his driver's license had been suspended—after he pled guilty to driving under the influence (DUI). He then moved for summary judgment and requested that the district court set aside the suspension. After the district court granted Little's summary judgment motion, the State appealed. Because K.S.A. 8-1014(b)(1)(B) required the suspension of Little's driver's license, he had no right to seek judicial review. Moreover, to the extent that he is alleging a due process violation, Little has shown no prejudice as a result of his mandatory

1

suspension. Thus, we reverse the district court's grant of summary judgment for Little and remand with directions to reinstate the mandatory suspension of his driver's license.

FACTS

Little was arrested in Meade County for driving under the influence on February 12, 2022. In addition, Little refused to submit to a breath test, and he was served with a DC-27 form notifying him that his driver's license would be administratively suspended. The DC-27 form included information regarding his right to request an administrative hearing. However, KDOR subsequently notified Little that the administrative suspension—based on his refusal to submit to the breath test—had been dismissed.

On April 15, 2022, Little pled guilty to driving under the influence. Accordingly, the KDOR sent a notice to Little advising him that his license had once again been suspended. Eight days after receiving the notice from the KDOR, Little filed a petition for judicial review in district court. He then moved for summary judgment alleging that his due process rights were violated because the second notice of suspension lacked language regarding a right to appeal his suspension. In response, the KDOR pointed out that the second suspension was mandatory based on his DUI conviction.

At the summary judgment hearing, Little acknowledged that he had pled guilty to and was convicted of a second DUI offense arising out of his arrest on February 12, 2022. Nevertheless, he argued that the suspension of his driver's license was "a second bite of the apple and should be barred by res judicata." At the conclusion of the hearing, the district court granted summary judgment in favor of Little. In doing so, the district court determined "that he missed some basic due process-type of notice and opportunity to argue the correctness of the suspension."

ANALYSIS

On appeal, the KDOR contends that the district court erred by granting summary judgment for Little and by setting aside the suspension of his driver's license. In response, Little continues to contend that his due process rights were violated because "the second notice contains no mention whatsoever about the recipient's right to an administrative appeal." As we discuss below, the second notice arose out of a mandatory suspension of his driver's license after he pled guilty to his second DUI offense. As a result, Little had no right to appeal this suspension. Furthermore, Little has failed to establish that his due process rights were violated or that he was prejudiced by the enforcement of the mandatory suspension.

In interpreting a statute, it is our role to determine the intent of the Kansas Legislature if it can be ascertained. *In re M.M.*, 312 Kan. 872, 874, 482 P.3d 583 (2021).

> "In ascertaining this intent, we begin with the plain language of the statute, giving common words their ordinary meaning. When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words. We will only review legislative history or use canons of construction if the statute's language or text is ambiguous. [Citations omitted.]" *In re M.M.*, 312 Kan. at 874.

In this case, the suspension of Little's driver's license was mandatory under K.S.A. 8-1014(b)(1)(B). This statute requires the KDOR "to suspend the person's driving privileges for one year and at the end of the suspension, restrict the person's driving privileges for one year to driving only a motor vehicle equipped with an ignition interlock device" after a second DUI conviction is recorded. The notice sent by the KDOR to Little on January 17, 2023, identified K.S.A. 8-1014 and stated: "Due to your drug or alcohol occurrence (court conviction or state administrative action), your driving privileges are

suspended. At the end of the suspension period your driving privileges will be restricted to operate a motor vehicle equipped with an ignition interlock device."

Material to the issue presented in this case, K.S.A. 8-259(a) provides:

> "*Except in the case of . . . mandatory suspension for an alcohol or drug-related conviction under subsection (b) of K.S.A. 8-1014*, and amendments thereto . . . the cancellation, suspension, revocation, disqualification or denial of a person's driving privileges by the division is subject to review." (Emphasis added.)

Accordingly, the plain and unambiguous language of K.S.A. 8-259(a) makes clear that there is no right to judicial review of a mandatory suspension by operation of K.S.A. 8-1014(b).

It is important to distinguish between a mandatory driver's license suspension following a criminal conviction under K.S.A. 8-1014(b)(1)(B) and an administrative suspension for failure to consent to a breath test under K.S.A. 8-1002(a)(2). Because Little's suspension was mandatory in light of his conviction, we find that the KDOR did not violate Little's due process rights in the notice it sent to him on January 17, 2023. As a matter of law, he did not have a right to seek review of the mandatory suspension arising out of his second DUI conviction.

Furthermore, the Kansas Supreme Court has found that deficiencies in informing a licensee of "administrative review rights" do not constitute a denial of due process without a showing of prejudice. *State v. Heironimus*, 262 Kan. 796, 808, 941 P.2d 1356 (1996). Although our Supreme Court agreed that a "preferable order would have informed [the licensee] of his administrative review rights," the failure to do so did not deny him "any due process" because there was no showing of prejudice. 262 Kan. at 808; see *Barnhart v. Kansas Dept. of Revenue*, 243 Kan. 209, 213-14, 755 P.2d 1337 (1988). Similarly, Little has not shown prejudice in this case.

4

Here, the record on appeal reflects that Little did not suffer any prejudice because he sought judicial review in this case—even though he had no statutory right to do so—and we have concluded that the suspension of his driver's license was mandatory as a matter of law under K.S.A. 8-1014(b)(1)(B). We, therefore, reverse the grant of summary judgment in favor of Little. And we remand this case to the district court with directions to reinstate his mandatory driver's license suspension as required by K.S.A. 8-1014(b)(1)(B).

Reversed and remanded with directions.